UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BOYD FULTON,
    Plaintiff

v.

TOWN OF HULL, MASSACHUSETTS,
    Defendant

Civil Action No. 2004-CV-11234-MEL

## SECOND AMENDED COMPLAINT

1. Plaintiff brings this action pursuant to M.G.L. c. 149, §148 and the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et seq.*, seeking to recover damages for unpaid vacation pay and for unpaid overtime compensation.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. The Court has pendent jurisdiction over Plaintiff's state claim under G.L.c. 151, §1B.

3. Venue is proper pursuant to 28 U.S.C. §1391 because the Plaintiff resides in this judicial district.

### PARTIES

4. Plaintiff Boyd Fulton is a natural person who resides at 119 Hampton Circle, Hull, Massachusetts 02045.

5. Defendant Town of Hull is a municipality located within the Commonwealth of Massachusetts and having its principal place of business located at 253 Atlantic Avenue, Hull,

Massachusetts 02045.

6. Defendant Town of Hull was, at all relevant times, a covered, non-exempted employer under 29 U.S.C. §207(a).

## FACTS

7. Plaintiff was employed by the Defendant in the Highway Department as a Special Motor Equipment Operator from on or about November 13, 2001 until June 6, 2002. His regular rate of pay was $15.60 per hour.

8. Plaintiff's position was covered under a collective bargaining agreement between AFSCME Council 93 and the Town of Hull.

9. Per the collective bargaining agreement, Plaintiff's forty-hour workweek was Monday through Thursday, 8 3/4 hours per day, and 5 hours on Friday mornings.

10. During his employment with the Defendant, Plaintiff always worked extra hours on Friday afternoons, performing tasks such as cleaning leaves from sewer drains on the Town's roadways or working in the cemetery. Plaintiff routinely worked 4 (four) hours of overtime Friday afternoons.

11. Defendant knew or should have known of the extra work performed by Plaintiff each and every Friday.

12. Plaintiff's collective bargaining agreement provided for an "extra Friday work" compensatory time payment scheme, and it was the practice of Defendant to permit employees to accrue compensatory time off in lieu of overtime at all times relevant herein.

13. Per Article IX of the collective bargaining agreement, the compensatory time accrued as follows: employees required to work late on Fridays ". . . shall be able to make a written request

for an equal amount of time off, at a later date, as compensation for the extra work."

14. Plaintiff accrued said compensatory time at the rate of 6 (six) hours each and every week from the first full week of his employment with Defendant, November 18, 2001, through the last week he worked, May 19, 2002.

15. From November 2001 through May 2002, the Defendant routinely failed to provide Plaintiff with compensatory time in lieu of payment at the overtime rate for hours performed in excess of 40 per week and failed to record the accrual of same.

16. In May 2002, Plaintiff elected to use the period beginning May 30, 2002 and ending June 12, 2002 as paid time off. Specifically, Plaintiff scheduled the time off as follows:

>    May 30, 2002 - 8.75 hours comp time as Plaintiff had accumulated per Article IX of the collective bargaining agreement for "extra Friday work;"
>    May 31, 2002 - 5 hours comp time;
>    June 3, 2002 - 8.75 hours earned vacation pay;
>    June 4, 2002 - 8.75 hours earned vacation pay;
>    June 5, 2002 - 8.75 hours earned vacation pay;
>    June 6, 2002 - 8.75 hours earned vacation pay;
>    June 7, 2002 - 5 hours earned vacation pay.

17. On June 6, 2002, the Defendant terminated Plaintiff's employment without:

   a. Paying him his 40 hours of vacation pay at the regular rate as described in Paragraph 16 even though Plaintiff had earned and accrued 1 week's paid vacation, or 40 hours, pursuant to the terms of the collective bargaining agreement (i.e., one week of paid vacation shall accrue after the first six months of employment);

   b. Paying him the requested compensatory time as described in Paragraph 16 or any other compensatory time that he had accrued; and

    c.    Paying him 17.5 hours for time worked for the Defendant on May 28, 2002 and May 29, 2002 of 8.75 hours per day.

18.    As of the date of the filing of this Amended Complaint, Plaintiff has not received payment for the earned vacation time, compensatory time in lieu of overtime, and 17.5 hours for time worked on May 28, 2002 and May 29, 2002.

19.    Plaintiff is owed:

    a.    $760.50 in wages for the 40 hours of vacation and the Memorial Day holiday he earned during the last week of May 2002 and the first full week of June 2002. (40 hours of vacation x $15.60 = $624.00) (8.75 hours holiday x $15.60 = $136.50)

    b.    Plaintiff is owed $2,527.20 for his unused compensatory time. (6 hours per week x $15.60 per hour x 27 weeks= $2,527.20)

20.    In addition to his regularly-scheduled work hours, during the winter months, Defendant required Plaintiff to be on call for weather emergencies.

21.    Defendant required the Plaintiff to carry an electronic beeper when he was not at work, and Plaintiff was expected to report to work within one-half hour of being called.

22.    From December 1, 2001 through March 31, 2001, Plaintiff was effectively "on-call" while off the Defendant's premises but was not compensated for time spent being "engaged to wait" while in the Defendant's employ. Furthermore, these on-call hours were not taken into consideration by Defendant when determining whether Plaintiff had worked in excess of 40 hours per workweek.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT
## 29 U.S.C §§ 207 (o)(1) and 29 U.S.C. § 207 (o)(4)

23. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 22 with the same force and effect as if fully set forth herein.

24. Defendant had an obligation to pay Plaintiff overtime pay of one and one-half his regular rate for all hours worked in excess of forty in a workweek or to provide Plaintiff with paid compensatory time off in the amount of one and one-half hours for each hour worked over forty per week.

25. Defendant intentionally, willfully and deliberately failed to pay Plaintiff overtime wages of one and one-half times his regular rate or to provide Plaintiff with compensatory time off at a rate of one and one-half hours for each hour worked over forty per week. Defendant had no reasonable grounds for failing to pay overtime wages of one and one-half times Plaintiff's regular hourly rate to him when same was due or to provide Plaintiff compensatory time off in lieu of the overtime compensation.

26. Defendant knew, or should have known that, in failing to so pay, it was violating the provisions of 29 U.S.C. § 207 (o).

27. Defendant violated the provisions of 29 U.S.C. § 207 (o)(4) when it failed to provide Plaintiff with a paycheck for all of Plaintiff's unused compensatory time, or approximately 162 hours at the regular rate, at the time of termination of employment.

28. Plaintiff is entitled to double (liquidated) damages on this amount pursuant to 29 U.SC. §216(b) and costs including reasonable attorneys fees. Plaintiff is entitled to double (liquidated) damages on this amount pursuant to 29 U.SC. §216(b) and costs including reasonable attorneys

fees.

29. Plaintiff has given written consent to the filing of this action, pursuant to 29 U.S.C. §216(b) (*See* Exhibit A to Amended Complaint).

COUNT II
VIOLATION OF FAIR LABOR STANDARDS ACT
29 U.S.C § 207 (o)(5)

30. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 29 with the same force and effect as if fully set forth herein.

31. Pursuant to 29 U.S.C. § 207(o)(5)(B), Defendant had an obligation to permit Plaintiff to use his compensatory time when Plaintiff requested to use same for the last week of May 2002.

32. Defendant intentionally deprived Plaintiff of his compensatory time off and/or its equivalent pay, and unduly restricted Plaintiff's control over scheduling same by denying him the right to use it during the last week of May 2002.

33. Plaintiff has suffered damages for Defendant's failure to compensate him for the hours of comp time he had accumulated. Plaintiff is entitled to double (liquidated) damages on this claim pursuant to 29 U.SC. §216(b) and costs including reasonable attorneys fees.

COUNT III
VIOLATION OF FAIR LABOR STANDARDS ACT
29 U.S.C § 207(a)(1) and 215(a)(2)

34. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 33 with the same force and effect as if fully set forth herein.

35. Defendant intentionally, willfully and deliberately failed to pay Plaintiff overtime wages of one and one-half times his regular rate for any of those hours each workweek when the Plaintiff was off-site but on call.

36. Defendants had no reasonable grounds for failing to pay overtime wages of one and one-half times Plaintiff's regular hourly rate to him when same was due.

37. Defendants knew, or should have known that, in failing to so pay, they were violating the provisions of 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

38. Pursuant to 29 U.S.C. §216(b), Defendants are liable to Plaintiff for the violation of 29 U.S.C. §207(a) as set forth herein.

39. Plaintiff is entitled to at least double (liquidated) damages and possibly treble damages on this amount pursuant to 29 U.S. §216(b).

COUNT IV
M.G.L. c. 149, § 148
MASSACHUSETTS WEEKLY PAYMENT OF WAGES ACT

40. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

41. Defendant had an obligation under M.G.L. c. 149, §148 to pay Plaintiff his earned vacation pay within seven days of the termination of the pay period during which the vacation time was taken as time off.

42. Defendant had an obligation under M.G.L. c. 149, §148 to pay Plaintiff for the 8.75 hours he worked on May 28, 2002 and the 8.75 hours he worked on May 29, 202 within seven (7) days of the termination of the pay period during which the work was performed.

43. Defendant violated M.G.L. c. 149, §148 by failing to pay Plaintiff his vacation pay/holiday pay when same was due.

44. The Plaintiff has suffered damages on account of Defendant's violations of M.G.L. c. 149, §148.

45. Pursuant to M.G.L. c. 149, §150, Plaintiff is entitled to treble damages.

46. Defendant violated M.G.L. c. 149, §148 by failing to pay Plaintiff his wages for hours spent during the approximately 17 weeks of the winter months in 2001-2002 when Plaintiff was "on call" when same was due.

47. Pursuant to M.G.L. c. 149, §150, Plaintiff is entitled to treble damages on the amount owed for those hours which he was not compensated while waiting on call.

48. Plaintiff has fulfilled all procedural and administrative prerequisites necessary to bring this action. Specifically, Plaintiff filed a Non-Payment of Wage Complaint Form with the Massachusetts Attorney General's Office and received a right-to-sue letter on October 21, 2002.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1. Under Counts I, II and III award Plaintiff damages for unpaid overtime compensation, plus, as liquidated damages, an additional sum equal to the amount of unpaid overtime compensation.

2. Under Count IV and pursuant to M.G.L. c. 149, §150, award Plaintiff damages, including treble damages for unpaid earned vacation time, for unpaid wages for work performed on May 28, 2002 and May 29, 2002, and the costs of this litigation, including reasonable attorney's fees.

3. Award Plaintiff the costs and other disbursements of this action, including but not limited to, reasonable attorney's fees, accountant's and expert's fees.

4. Grant the Plaintiff such other and further relief as this Court may deem just, proper, and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

                                        PLAINTIFF,
                                        By his Attorney,

                                        Mark D. Stern, BBO #479500
                                        Mark D. Stern, P.C.
                                        34 Liberty Avenue
                                        Somerville, MA 02144
                                        Tel. (617) 776-4020
                                        Fax (617) 776-9250
                                        email:markdsternpc@rcn.com

Dated: January 26, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a copy of the above document on the defendant by mailing a copy, first class, postage prepaid to:

                James B. Lampke
                Town Counsel, Town of Hull
                115 North Street
                Hingham, MA 02043

                _____
                Mark D. Stern