UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BOYD FULTON,
    Plaintiff

v.

TOWN OF HULL, MASSACHUSETTS,
    Defendant

Civil Action
No. 2004-CV-11234-MEL

FILED
CLERKS OFFICE
2005 FEB 17 A 11: 53
DISTRICT COURT
DISTRICT OF MASS.

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Fed.R.Civ.P. 26(A)(1), Plaintiff discloses the following:

A.   Persons Likely to Have Discoverable Information:

1. Edward Parent
   c/o of Highway Department
   Town of Hull

2. Patricia Petrilli
   c/o Highway Department
   Town of Hull

3. Mike White
   Union steward
   AFSCME Council 93
   8 Beacon Street
   Boston, MA 02108

4. Glen Comeau (former Highway Dept. employee)
   1 Wind Fall Lane
   Plymouth, MA 02360
   (508) 759-6545

5. Eleanor McGonagle
   Human Resources Director
   Town of Hull
   253 Atlantic Avenue
   Hull, MA 02045
   (781) 925-8109

B.  List of Relevant Documents:

1. ADP quarterly Employee Earnings Records for Boyd Fulton for quarters ending 12/31/01, 3/31/02, and 6/30/02;

2. Administrative Complaint filed with the Massachusetts Attorney General's Office for Non-payment of Wages, dated September or October 2002. (Attached hereto);

3. Collective Bargaining Agreement between the Town of Hull and AFSCME Local 93 (version in use during 2001-June 2002);

4. Payroll logs, ledger sheets, accounting books, bank statements, all state and federal forms required to be kept concerning payroll for Boyd Fulton from the Town of Hull (These documents should be in the possession and control of the Defendant);

5. Memorandum from Edward Parent to All Department Employees dated November 7, 2001 regarding employee reporting of use of accrued time;

6. Termination letter dated June 6, 2002 mailed to Boyd Fulton;

7. Warning letter from Edward Parent to Boyd Fulton dated January 23, 2002 re: failure to be available for snow and ice removal;

8. Letter from Eleanor McGonagle to Boyd Fulton dated August 6, 202 re: vacation pay, call man pay, etc.; and

9. Boyd Fulton's telephone records for the months of May and June 2002.

10. June 5, 2002 email from Edward Parent to Eleanor McGonagle regarding Mr. Fulton's being "absent without permission, but here long enough to accumulate time."

11. Notes of unknown person regarding claim.

C.  Computation of Damages:

Damages (exclusive of costs and attorneys' fees) are as described below:

**Massachusetts Wage Law**

Mr. Fulton was not paid any wages for work he performed on May 28, 2002 and May 29, 2002. Mr. Fulton was not paid for 40 hours of accrued vacation time, to which was entitled after May 13, 2002 and at the time of his termination of employment on June 6, 2002 and to which he has never been paid to dated. The amounts owed are subject to trebling.

Treble damages pursuant to M.G.L. c. 149, §150 = $2,691.00 exclusive of costs including reasonable attorneys fees.

**FLSA**

29 U.S.C. §207(o)(4) provides that: "An employee who has accrued compensatory time off authorized to be provided [at a rate of not less than one and one-half hour for each hour of employment for which overtime compensation is required by employer] shall, upon termination of employment, be paid for the unused compensatory time at a rate of compensation not less than . . . the final regular rate received by such employee. . . ."

Mr. Fulton worked 4 hours of overtime every Friday afternoon during the entire course of his employment (less the 2 weeks he was sick, when he only worked 1 hour of overtime or so). In lieu of overtime cash, he accrued comp time off of 6 hours at the regular rate of pay to be taken as time off. 6 hours x 27 weeks of employment = 162 hours @ $15.60/hour = $2,527.20.

29 U.S.C. §216B provides for doubling of this amount if Plaintiff prevails (liquidated damages provision of FLSA) for a total o f$5,054.40 exclusive of costs including reasonable attorneys fees.

**FLSA**

29 U.S.C. §207(a)(1)

Plaintiff was on call and waiting to be engaged during 120 hours or so during the winter month, and in every workweek that he was on call, he was not paid at a rate of time and one-half for every hour over 40. The employer's violation as described herein was willful.

120 hours x $23.40/hour = $2,808.00

29 U.S.C. §216(B) provides for doubling of this amount if Plaintiff prevails for a total of $5,616.00. exclusive of costs including reasonable attorneys fees.

D.    Insurance Agreements:

Plaintiff knows of no such agreements.

                     Plaintiff
                     By his Attorney,

                     */s/ Mark D. Stern*

Mark D. Stern
BBO #479500
Mark D. Stern, P.C.
34 Liberty Avenue
Somerville, MA 02144
Tel.: (617) 776-4020
Fax  (617) 776-9250
email: markdsternpc@rcn.com

Dated:   February 15, 2005

### CERTIFICATE OF SERVICE

I, Mark D. Stern, hereby certify under the pains and penalties of perjury that on this day I caused to be delivered by regular course of mail postage prepaid a copy of the foregoing document to the individual listed below:

    James B. Lampke
    115 North Street
    Hingham, MA 02043

                     Signed, */s/ Mark D. Stern*
                     Mark D. Stern