UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 2004 CV 11234 MEL

BOYD FULTON,
        Plaintiff

VS.

TOWN OF HULL,
MASSACHUSETTS
        Defendant

## ANSWERS, DEFENSES, COUNTERCLAIM AND JURY CLAIM OF THE DEFENDANT TOWN OF HULL, MASSACHUSETTS, TO PLAINTIFF'S SECOND AMENDED COMPLAINT

### ANSWERS

1. The defendant states that the allegations contained in paragraph 1 assert the purported basis by which the plaintiff brings this action and therefore no answer is required. However, were an answer to be required, the defendant admits to that the plaintiff purports to bring this action according to said laws, which laws speak for themselves.

2. The defendant admits to the allegations contained in paragraph 2 of plaintiff's complaint.

3. The defendant admits to the allegations contained in paragraph 3 of plaintiff's complaint.

4. The defendant admits to the allegations contained in paragraph 4 of plaintiff's complaint.

5. The defendant admits to the allegations contained in paragraph 5 of plaintiff's complaint.

6. The defendant admits to the allegations contained in paragraph 6 of plaintiff's complaint.

7. The defendant admits to the allegations contained in paragraph 7 of plaintiff's complaint.

8. The defendant admits to the allegations contained in paragraph 8 of plaintiff's complaint.

1

9. The defendant states that sais Collective Bargaining Agreement speaks for itself.

10. The defendant denies the allegations contained in paragraph 10 of plaintiff's complaint.

11. The defendant denies the allegations contained in paragraph 11 of plaintiff's complaint.

12. The defendant states that said Collective Bargaining Agreement speaks for itself and by way of further answer, the defendant denies the remainder of the allegations contained in paragraph 12 of the complaint.

13. The defendant states that said Collective Bargaining Agreement speaks for itself.

14. The defendant denies the allegations contained in paragraph 14 of plaintiff's complaint.

15. The defendant denies the allegations contained in paragraph 15 of plaintiff's complaint.

16. The defendant denies the allegations contained in paragraph 16 of plaintiff's complaint.

17. The defendant admits that the plaintiff was terminated, admits that by error and oversight the plaintiff was not paid for one week of accrued vacation pay, and by way of further answer, denies the remainder of the allegations contained in paragraph 17 of the complaint.

18. The defendant states that the plaintiff is not entitled to the benefits claimed in paragraph 18 of the complaint, except for the accrued vacation pay.

19. The defendant denies the allegations contained in paragraph 19 of plaintiff's complaint, except that the plaintiff is owed vacation pay for one week at a figure to be verified.

20. The defendant states that employees, as in all employment situation, were subject to being contacted by the Department for their availability to return to work for extra work should the need arise, such as in emergencies, and by way of further answer, denies the remainder of the allegations.

21. The defendant admits that plaintiff had an electronic beeper which would facilitate the Department reaching him should the need arise, but denies he was required to have one by the defendant, and by way of further answer, the defendant states that employees were expected to report to work within one half hour of being called if possible and available.

22. The defendant denies the allegations contained in paragraph 22 of plaintiff's complaint.

23. The defendant incorporates by reference herein as if separately set forth its answers to paragraphs 1 through 22 above.

24. The defendant admits the allegations contained in paragraph 24 of plaintiff's complaint in general set forth the law, but deny the same was applicable to the plaintiff as he did not work as described in said allegation and was paid for any overtime he earned.

25. The defendant denies the allegations contained in paragraph 25 of plaintiff's complaint.

26. The defendant denies the allegations contained in paragraph 26 of plaintiff's complaint.

27. The defendant denies the allegations contained in paragraph 27 of plaintiff's complaint.

28. The defendant denies the allegations contained in paragraph 28 of plaintiff's complaint.

29. The defendant admits to the allegations contained in paragraph 29 of plaintiff's complaint.

30. The defendant incorporates by reference herein as if separately set forth its answers to paragraphs 1 through 29 above.

31. The defendant admits the allegations contained in paragraph 31 of plaintiff's complaint in general set forth the law, but deny the same was applicable to the plaintiff as he did not have any compensatory time owed and if he did (which is denied), he failed to request to use same.

32. The defendant denies the allegations contained in paragraph 32 of plaintiff's complaint.

33. The defendant denies the allegations contained in paragraph 33 of plaintiff's complaint.

34. The defendant incorporates by reference herein as if separately set forth its answers to paragraphs 1 through 33 above.

35. The defendant denies the allegations contained in paragraph 35 of plaintiff's complaint.

36. The defendant denies the allegations contained in paragraph 36 of plaintiff's complaint.

37. The defendant denies the allegations contained in paragraph 37 of plaintiff's complaint.

38. The defendant denies the allegations contained in paragraph 38 of plaintiff's complaint.

39. The defendant denies the allegations contained in paragraph 39 of plaintiff's complaint.

40. The defendant incorporates by reference herein as if separately set forth its answers to paragraphs 1 through 39 above.

41. The defendant admits the allegations contained in paragraph 41 of plaintiff's complaint in general set forth the law.

42. The defendant denies the allegations contained in paragraph 42 of plaintiff's complaint.

43. The defendant admits that by error and oversight it failed to pay the plaintiff for his one week of earned vacation and by way of further answer, denies the remainder of the allegations contained in paragraph 43 of plaintiff's complaint.

44. The defendant denies the allegations contained in paragraph 44 of plaintiff's complaint except as may relate to vacation pay.

45. The defendant admits that under said law a plaintiff is entitled to treble damages.

46. The defendant denies the allegations contained in paragraph 46 of plaintiff's complaint.

47. The defendant denies the allegations contained in paragraph 47 of plaintiff's complaint.

48. The defendant is without information and knowledge sufficient upon which to form a belief as to the allegations contained in paragraph 48 of the complaint and therefore denies the same.

## DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. The plaintiff owes the defendant for Town property he failed to return and any claim should be offset by the value of said property.

3. Some or all of plaintiff's claims are barred by the applicable statutes of limitations.

4. Some or all of plaintiff's claims are barred by the doctrine of estoppel.

5. Some or all of plaintiff's claims are barred by the doctrine of laches.

6. Some or all of plaintiff's claims are barred by the doctrine of ratification.

7. Defendant has at all times acted in good faith with reasonable belief that its actions were in compliance with all relevant laws.

8. Plaintiff's claims are barred for failure to follow the grievance procedures contained in the collective bargaining agreements entered into by and between the parties.

9. Any act or omission by the defendant giving rise to this action was in good faith, and the defendant at all times had reasonable grounds for believing that its acts or omissions were not violations of the Fair Labor Standards Act, and the defendant has otherwise met the standards for an affirmative defense.

10. Any act or omission by the defendant later determined to be in violation of the Fair Labor Standards was not a willful act or omission.

## COUNTERCLAIM

1. The plaintiff-in-counterclaim is the Town of Hull (Town), a municipal corporation having its usual place of business at Municipal Building, 253 Atlantic Avenue, Hull, Massachusetts 02045.

2. The defendant-in-counterclaim is Boyd Fulton (Fulton), an individual who is the plaintiff in the main action and who resides at 119 Hampton Circle, Hull, Massachusetts 02045.

3. Fulton was an employee of the Town from November 13, 2001 through June 6, 2002.

4. During his employment with the Town he was provided with various items of personal property belonging to the Town, including clothing.

5. Upon his separation from employment, he was responsible for the return to the Town said items.

6. Fulton has not returned said items to the Town.

7. Fulton has refused and continues to refuse to return said items to the Town.

8. Fulton is responsible for and liable to the Town for the cost of said items.

9. Fulton has filed suit against the Town.

10. Any entitlement to recovery by Fulton in the main action is subject to offset by what Fulton owes the Town for said items.

WHEREFORE, the defendant prays this Honorable Court to:

1. Find for the defendant Town of Hull in the main action;

5

2. Dismiss the claims against the defendant Town of Hull in the main action.

3. Find for the plaintiff-in-counterclaim Town of Hull in the counterclaim;

4. Offset any sums which may be found due by what the plaintiff owes the defendant for property not returned;

5. Award the defendant costs and reasonable attorneys fees; and,

6. Grant such other relief as is meet and just.

JURY CLAIM

THE TOWN OF HULL HEREBY CLAIMS ITS RIGHT TO A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
Town of Hull,
By its Town Counsel,

Date: 3/15/05

JAMES B. LAMPKE, ESQ.
BBO NO. 284280
TOWN COUNSEL-TOWN OF HULL
115 NORTH STREET
HINGHAM, MA 02043
781-749-9922

Certificate of Service

I, James B. Lampke, Esq., certify that I have this day served a copy of the within **Answers, Defenses, Counterclaim and Jury Claim of the Defendant Town of Hull, Massachusetts, to Plaintiff's Second Amended Complaint** on the plaintiff by mailing a copy of same to his attorney of record, Mark D. Stern, Esq., 34 Liberty Avenue, Somerville, MA 02144.

Date: March 15, 2005

James B. Lampke

hwydept