UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



BOYD FULTON,
    Plaintiff

v.

TOWN OF HULL, MASSACHUSETTS
    Defendant

Civil Action No. 04-11234-MEL

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF
### MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff moves for partial summary judgment (A) on that portion of Count IV of the Complaint alleging unpaid vacation time and (B) on that portion of Count III of the Complaint alleging unpaid "on call" time. Count IV is a claim for violation of the Massachusetts Payment of Wages Law, G.L. c. 149, § 148. Count III is a claim for violation of the Fair Labor Standards Act, 29 USC § 207(a)(1) and § 215(a)(2).

### SUMMARY JUDGMENT STANDARD

The primary inquiry the Court must make on a motion for summary judgment pursuant to Fed. R. Civ. P. 56(c) is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and the non-movant must then come forward with specific facts showing that there is a genuine issue for trial. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). To defeat summary judgment, the non-moving party must establish a trial-worthy issue by presenting "enough competent evidence to enable a finding

favorable to the nonmoving party." Goldman v. First Nat'l Bank, 985 F.2d 1113, 1116 (1st Cir. 1993).

Reviewing the facts of this case in the light most favorable to Defendant, there are no longer any trial-worthy issues left as to the portions of Counts III and IV on which Plaintiff seeks relief by his motion, and Plaintiff is entitled to judgment as a matter of law thereunder.

### THE COURT MUST FIND AS A MATTER OF LAW THAT DEFENDANT VIOLATED THE MASSACHUSETTS WEEKLY PAYMENT OF WAGES LAW, AND MUST AWARD SUMMARY JUDGMENT TO PLAINTIFF ON HIS CLAIM FOR ONE WEEK'S VACATION PAY

The Massachusetts Payment of Wages Law provides that employers shall pay employees wages earned within six days of the termination of the pay period during which the wages were earned. Mass. Gen. L. ch. 149, § 148. The Act has been construed to include vacation pay that has been earned subject to a definite employer policy. *See Massachusetts Attorney General's Advisory on Vacation Policies* (http://www.ago.state.ma.us/filelibrary/VACADV.PDF) and *Frequently Asked Questions re: Vacation Pay* (http://www.ago.state.ma.us/sp.cfm?pageid=1114). Here, not only has the Plaintiff submitted a sworn affidavit to the effect that the Defendant has failed to pay Plaintiff his one week's vacation, i.e., 40 hours at his regular rate, to which he was entitled pursuant to the terms of his collective bargaining agreement on or after six months of employment, but Defendant has admitted the same in its Answer. (Answer to Second Amended. Complaint, ¶¶ 17 & 41). Furthermore, Defendant has admitted in its Answer that it violated the applicable statute when it failed to do so, and that Plaintiff is entitled to treble damages on that account. (Answer to Second Amended. Complaint, ¶¶ 43 & 45). The Court should therefore grant partial summary judgment in favor of Plaintiff on Paragraphs 41, 43 & 44 of the Second Amended Complaint, award him treble and award reasonable costs including attorney's fees.

Even if it had not been admitted, Plaintiff would plainly be entitled to such relief. An employee aggrieved by a violation of Mass. Gen. L. ch. 149, § 148 may bring a civil action to recover damages incurred. Mass. Gen. L. ch. 148, § 150. Pursuant to Section 150, treble damages are mandatory. Chiappetta v. Lyons, 1999 Mass.App.Div. 276, 279, 1999 WL 1085273 ("plaintiff who prevails in a G.L. c. 149, § 150 action on a claim for wages or other benefits withheld by employer in violation of G.L. c. 149, § 148 is entitled as a matter of law to an award of treble damages"); Duct and Vent Cleaning of America v. Van Houten, No. Civ. A. 961569, 2000 WL 143507 (Mass.Super.Ct. May 30, 2000) (Josephson, J.). *See also* Parow v. Howard, 2003 WL 23163114 (Mass.Super.Ct. Nov. 12, 2003) (Graham, J.) (holding that regardless of whether treble damages are mandatory or permissive, they were warranted where employer's actions were willfully indifferent to the plaintiff's rights).

In the instant case, Plaintiff's CBA provided that he would receive one week of vacation after the first six months of employment. Defendant has admitted that Plaintiff reached the six-month mark in his employment on May 13, 2002. The date of Plaintiff's termination was June 6, 2002, but he did not receive vacation pay within six days of the termination of the pay period in which the wages became due. As of the present date, the vacation pay still has not been paid to Plaintiff.[1]

---

[1] Because the Defendant admits owing treble damages to Plaintiff, he has not submitted evidence supporting the proposition that Defendant's withholding of the vacation pay was done with willful indifference to Plaintiff's rights. If Defendant should contradict its own answer in this regard and offer evidence in support of a claim that it is not liable for treble damages, Plaintiff reserves the right to respond by submission of the following evidence in support of his claim that despite numerous requests for the vacation pay, the Defendant continues to withhold this money without legitimate reason (a) June 5, 2002 email from Plaintiff to McGonagle; (b) August 6, 2002 letter from McGonagle to Plaintiff claiming that vacation pay is for "employees" only and not for Plaintiff because he had already been terminated; (c) numerous settlement demand letters from Plaintiff's counsel to Town of Hull counsel requesting the vacation pay on Plaintiff's behalf; and (d) grievances of Plaintiff.

At the time of his termination of employment, Plaintiff was earning $15.60 per hour. Compensation for one week's vacation (forty hours) would be $624.00. Based on the record to date, the Court must find the Defendant liable to the Plaintiff for damages of $624.00 trebled, or $1,872.00, plus twelve percent interest thereon from the date the wages were unlawfully withheld (June 13, 2002) to the date of payment. Additionally, Plaintiff is entitled to costs including reasonable attorney's fees.

### THE COURT MUST FIND AS A MATTER OF LAW THAT DEFENDANT VIOLATED THE FAIR LABOR STANDARDS ACT, AND MUST AWARD SUMMARY JUDGMENT TO PLAINTIFF ON HIS CLAIM FOR ON CALL PAY

The Plaintiff was required to be on call whenever it snowed. Indeed he received a warning letter threatening disciplinary action on account of his failure on three occasions to arrive at work within one half hour of the time he was called (See Exhibit A to statement of Material Undisputed Facts). That letter advises him of his obligation "to be available, especially during the winter... [and] to show up for work within one-half hour of being called... [b]arring sickness, personal emergency or death..." It speaks in terms of his being "required to be available for work 24/7." It specifically contradicts Defendant's Answer to the effect that employees were only expected to report to work within one half hour of being called "if possible and available." (Defendant's Answer, ¶ 21).

Even, however, if Defendant were to submit admissible evidence to the effect of the statement contained in its Answer, it would not be material because it cannot be disputed that Plaintiff was advised that his arriving at work within one half hour of being called, 24/7, was mandated. Given that fact, when weather conditions did not permit speedy travel, he was clearly mandated to remain within close proximity of his place of employment, and therefore entitled to "on-call" pay. Pabst v. Oklahoma Gas & Electric Company, 228 F.3d 1128 (10th Cir. 2000). As in

4

Pabst, the Plaintiff was required to respond to a call (an alarm in Pabst) within a very short time and a failure to respond was grounds for discipline. Plaintiff here was, at least when it was snowing or supposed to snow, "engaged to wait" or "waiting to be engaged." Pabst *citing to* Skidmore v. Swift & Co. 323 U.S. 134 (1944); see 29 C.F.R. § 553.221(d).

Even, however, if Defendant were to submit admissible evidence to the effect of the statement contained in its Answer, it would not be material because it cannot be disputed that Plaintiff was advised, in writing, that his arriving at work within one half hour of being called, 24/7, was not only mandated, but failing to do so would result in discipline. Hence, when it snowed or was suppose to snow, Plaintiff had an expectation he might be called into work. Plaintiff could not leave the Town of Hull, go to a movie, or pursue other such activities when it was snowing or supposed to snow, and expect to be available to arrive at work within thirty minutes of being called.

Plaintiff attests to the fact that, while employed, in the winter of 2002 subsequent to January 23, 2002, there were at least six dates when it snowed or was expected to snow, and he had to anticipate being called into work on short notice. He worked and was paid for working on two of such dates. On the other four, he remained on call, obliged to come to work on a half hour's notice and was entitled to "on call" pay. This pay amounted to seven and one half (7.5) hours each day. He is entitled to have those wages, $499, trebled, that is, paid at time and one half on account of the fact that it is overtime, and then doubled. 29 USC § 207(a)(1) and § 215(a)(2); 29 USC § 216(b).

## CONCLUSION

For all of the foregoing reasons, this Court should grant partial summary judgment in favor of Plaintiff on Counts III and IV of his Complaint, award him damages as requested, and costs including a reasonable attorney's fees and the fee for filing this case.

Respectfully submitted,
PLAINTIFF BOYD FULTON
By his Attorney,

*/s/ Mark D. Stern*

Mark D. Stern, BBO #479500
Mark D. Stern, P.C.
34 Liberty Avenue
Somerville, MA 02144
(617) 776-4020

Dated: May 10, 2006

### CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that on 10th day of May, 2006, I caused to be delivered by first-class mail, postage prepaid, a copy of the foregoing document to the attorney for the Defendant, listed below:

> James B. Lampke
> Town Counsel-- Town of Hull
> 115 North Street
> Hingham, MA 02043

Signed,

*/s/ Mark D. Stern*

Mark D. Stern
