UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BOYD FULTON,
Plaintiff

Civil Action No. 2004 CV 11234

v.

TOWN OF HULL, MASSACHUSETTS,
Defendant

## STATEMENT OF MATERIAL FACTS OF RECORD
## AS TO WHICH THERE IS NO GENUINE DISPUTE

1.     Boyd Fulton formerly worked for the Defendant Town of Hull, a municipality located within the Commonwealth of Massachusetts. It was, on information and belief, at all relevant times, a covered, non-exempted employer under 29 U.S.C. §207(a). Affidavit of Boyd Fulton, ¶ 1.

2.     He was employed by the Defendant in the Highway Department as a Special Motor Equipment Operator from on or about November 13, 2001 until June 6, 2002. His position was covered under a collective bargaining agreement between AFSCME Council 93 and the Town of Hull. His regular rate of pay was $15.60 per hour. Affidavit of Boyd Fulton, ¶ 2.

3.     On June 6, 2002, the Town terminated his employment without paying him forty (40) hours of vacation pay at the regular rate as described above even though he had earned and accrued one (1) week's paid vacation, or forty (40) hours, pursuant to the terms of the collective bargaining agreement (i.e., one week of paid vacation shall accrue after the first six months of employment). He was and is still owed $624.00 on that account. Affidavit of Boyd Fulton, ¶ 3.

5.     Furthermore, he was expected to be on call for at least every date for which there was snow. In the winter of 2002 subsequent to January 23, 2002 there were at least six such dates. He worked only two of said six dates. Wherefore, he should have been paid for being on call for at least

four of said dates. These pay periods would be total thirty hours. On this account he would be owed at least $499.20.   Affidavit of Boyd Fulton, ¶ 5-6.

6.     Appended hereto as Exhibit A is a true and accurate copy of a letter sent to the Plaintiff by the Defendant on January 23, 2002 advising him of his obligation "to be available, especially during the winter... [and] to show up for work within one-half hour of being called." It concludes, "Barring sickness, personal emergency or death, you are required to be available for work 24/7."

PLAINTIFF,
By his Attorney

Mark D. Stern, BBO #479500
Mark D. Stern, P.C.
34 Liberty Avenue
Somerville, MA 02144
Tel. (617) 776-4020
Fax (617) 776-9250
email:markdsternpc@rcn.com

Dated: May 10, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a copy of the above document on the defendant by mailing a copy, first class, postage prepaid to:

James B. Lampke
Town Counsel, Town of Hull
115 North Street
Hingham MA 02043

Mark D. Stern

9
8



TOWN OF HULL
HIGHWAY DEPARTMENT



Edward D. Parent Jr              Nantasket Avenue                    TEL. (781)925-0900
Superintendent of Streets        Hull, Massachusetts 02045          FAX. (781)925-0901

January 23, 2002

Mr. Boyd Fulton, Jr.
119 Hampton Circle
Hull Ma 02045

Dear Mr. Fulton:

When you were interviewed, and subsequently hired, for a job with the Hull Highway Department you were asked if you would be available for snow/ice removal and you stated "Yes". You were also asked if you would be available on short notice and you stated, "Yes".

You were called to work on January 7th, 2002 at 10:36PM to report for work and we were unable to reach you at the telephone number you supplied.

On January 19th, 2002 you were called at 6:15 PM to report to work and you arrived at work at 7:00 PM.

On January 21st, 2002 you were called to work at 8:20PM and we could not reach you at your telephone number.

During the year this department is required to report for work for any number of unforeseeable weather conditions. This is especially true during the winter. However winter weather is usually forecast well in advance so the public can make the necessary changes in plans for their safety. Those of us who are in public works recognize that snow /ice removal is expected of us, if not demanded, by virtue of our working for the public. During your interview this was discussed with you and you were in total agreement of this public need being an integral part of your employment with the Town of Hull.

Please be advised that your failure to report for work as required, is considered by me to have caused a public safety hazard.

When you are needed for work you are expected to be available, especially during the winter. You are expected to show up for work within one-half hour of being called. Barring sickness, personal emergency or death, you are required to be available for work 24/7.

Continued refusal by you to make yourself available for emergency work or your failure to report for work in the future will force me to take disciplinary action as being in the best interest of the town and the department.

Sincerely,

Edward D. Parent, Jr.
Superintendent of Streets



Cc: tm