UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BOYD FULTON,
    Plaintiff

Civil Action No. 2004 CV 11234

v.

TOWN OF HULL, MASSACHUSETTS,
    Defendant

## AFFIDAVIT OF BOYD FULTON

I Boyd Fulton swear under the pain and penalty of perjury that the following statements are true, accurate and complete to the best of my personal knowledge unless otherwise indicated to be mad eon information and/or belief only.

1.    I am the Plaintiff in this action. I formerly worked for the Defendant Town of Hull, a municipality located within the Commonwealth of Massachusetts. It was, on information and belief, at all relevant times, a covered, non-exempted employer under 29 U.S.C. §207(a).

2.    I was employed by the Defendant in the Highway Department as a Special Motor Equipment Operator from on or about November 13, 2001 until June 6, 2002. My position was covered under a collective bargaining agreement between AFSCME Council 93 and the Town of Hull. My regular rate of pay was $15.60 per hour.

3.    On June 6, 2002, the Defendant terminated my employment without paying me 40 hours of vacation pay at the regular rate as described above even though I had earned and accrued 1 week's paid vacation, or 40 hours, pursuant to the terms of the collective bargaining agreement (i.e., one week of paid vacation shall accrue after the first six months of employment).

4.    On this account on information and belief I am owed $624.00 trebled, that is, $1,872.00, interest and costs including a reasonably attorney's fee.

5.  Furthermore, I was expected to be on call for at least every date for which there was snow.

6.  In the winter of 2002 subsequent to January 23, 2002 there were at least six such dates. I worked only two of said six dates. Wherefore, I should have been paid for being on call for at least four of said dates. These pay periods would be total thirty hours.

7.  On this account on information and belief I would be owed at least $499.20 trebled, that is, $1,497.60, interest and costs including a reasonably attorney's fee.

Signed ~~April~~ 2006 May 2nd 2006
Boyd Fulton

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a copy of the above document on the defendant by mailing a copy, first class, postage prepaid to:

James B. Lampke
Town Counsel, Town of Hull
115 North Street
Hingham, MA 02043

Mark D. Stern

May 10 2006




# TOWN OF HULL
# HIGHWAY DEPARTMENT

7 Nantasket Avenue
Hull, Massachusetts 02045

TEL (781) 925-0900
FAX (781) 925-0401

January 23, 2002

Mr. Boyd Fulton, Jr.
119 Hampton Circle
Hull Ma 02045

Dear Mr. Fulton:

When you were interviewed, and subsequently hired, for a job with the Hull Highway Department you were asked if you would be available for snow/ice removal and you stated "Yes". You were also asked if you would be available on short notice and you stated, "Yes".

You were called to work on January 7th, 2002 at 10:36PM to report for work and we were unable to reach you at the telephone number you supplied.

On January 19th, 2002 you were called at 6:15 PM to report to work and you arrived at work at 7:00 PM.

On January 21st, 2002 you were called to work at 8:20PM and we could not reach you at your telephone number.

During the year this department is required to report for work for any number of unforeseeable weather conditions. This is especially true during the winter. However winter weather is usually forecast well in advance so the public can make the necessary changes in plans for their safety. Those of us who are in public works recognize that snow /ice removal is expected of us, if not demanded, by virtue of our working for the public. During your interview this was discussed with you and you were in total agreement of this public need being an integral part of your employment with the Town of Hull.

<u>Please be advised that your failure to report for work as required, is considered by me to have caused a public safety hazard.</u>

When you are needed for work you are expected to be available, especially during the winter. You are expected to show up for work within one-half hour of being called. Barring sickness, personal emergency or death, you are required to be available for work 24/7.

Continued refusal by you to make yourself available for emergency work or your failure to report for work in the future will force me to take disciplinary action as being in the best interest of the town and the department.

Sincerely,

Edward D. Parent, Jr.
Superintendent of Streets



Cc: lm