UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 2004 CV 11234 MEL

BOYD FULTON,  )
        Plaintiff )
 )
VS. )
 )
TOWN OF HULL, )
MASSACHUSETTS )
        Defendant )

**DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS OF RECORD AS TO WHICH IT IS CONTENDED THAT THERE EXISTS A GENUINE ISSUE TO BE TRIED IN OPPOSITION TO THE STATEMENT OF MATERIAL FACTS SUBMITTED BY THE PLAINTIFF**

Now comes the defendant Town of Hull (Town) and pursuant to Rule 56.1 of the Local Rules herewith provides its concise statement of material facts of record as to which the Town contends that there exists a genuine issue to be tried. This filing is in response to the plaintiff's Statement of Material Facts of Record as to Which There is No Genuine Dispute, filed with his Motion for Partial Summary Judgment. Since this is a motion for partial summary judgment, the within Statement by the Town only addresses those issues raised in the plaintiff's filing and the Town reserves the right to respond at another time to any and all other issues raised in the complaint.

1. The Town disputes the assertion of the plaintiff in number 5 of his Statement of Material Facts that "he was expected to be on call for at least every date for which there was snow. In the winter of 2002 subsequent to January 23, 2002

1

there were at least six such dates.  He worked only two of said six dates.

*Wherefore, he should have been paid for being on call for at least four of said dates.  These pay periods would be total thirty hours.  On this account he would be owed at least $499.20.*  Affidavit of Boyd Fulton, par. 5-6." (emphasis supplied)

2. The plaintiff was expected to respond to being paged within 30 minutes.  See Exhibit A to Affidavit of Boyd Fulton, submitted by plaintiff.  See also Affidavit of Robert White, attached hereto as Exhibit A and incorporated by reference herein.

3. If an employee was engaged in other activities which made it unreasonable to be able to report to work within 30 minutes of being paged, or within such other reasonable time might be appropriate, then the employee would not be expected to report to work.  Employees were not required to remain at home or within a certain distance from the Highway Department.  See Affidavit of Robert White, attached hereto as Exhibit A and incorporated by reference herein.

4. Thus, the plaintiff is not deemed to have been working during the so called "on call" time.

5. Plaintiff asserts that there were at least six times following January 23, 2002 that were snow days during which time he had to allegedly be on call.  Plaintiff's Statement of Material Facts, par. 5; Affidavit of Boyd Fulton, par. 6.

6. In fact, there were only six days during that time period where there was any snow; and such snow was minimal.  Plaintiff's assertion does not establish that these six days were days that employees were expected to be on call merely

because it turned out, after the fact, that there was a very small amount of snow. See Certified Weather Statement by Robert Gilman, M.A., meteorologist, attached hereto as Exhibit B and incorporated by reference herein.  Thus, it remains in dispute as to whether these were in fact days on which the plaintiff had to be on call, and whether such on call status constituted time that the employee was not able to engage in personal activities to such a degree that the time is deemed to have been spent "predominately for the benefit of the employer or employee".  <u>Pabst, et al v. Oklahoma Gas & Electric Co.</u>, 228 F. 3d 1128 (10th Cir. 2000), citing <u>Skidmore v. Swift & Co.</u>, 323 U.S. 134 at 133 (1944).

7. The Town disputes the inference that the plaintiff was in fact on call during these so called snow days such that he is entitled to be paid for waiting time.  Plaintiff has not offered any valid form of proof or even an assertion that he was in fact on call for the days he claims entitlement to pay.  It therefore remains in dispute as to whether, even if those were on call days, plaintiff was in fact on call.  See Affidavit of Robert White, attached hereto as Exhibit A and incorporated by reference herein.

Therefore, since there are material disputes as to the above facts as relates to what the plaintiff has alleged in his statement of material facts, these facts remain in dispute and need either to be tried by a fact finder or otherwise established.

June 8, 2006                                    Respectfully submitted,
                                                Town of Hull,
                                                By its Town Counsel,
                                                S/ *James B. Lampke*
                                                JAMES B. LAMPKE, ESQ.
                                                BBO NO. 284280
                                                TOWN COUNSEL-TOWN OF HULL
                                                115 NORTH STREET
                                                HINGHAM, MA  02043
                                                781-749-9922


                              Certificate of Service

    I, James B. Lampke, Esq., certify that I have this day served a copy of the within document on the plaintiff by mailing/emailing a copy of same to his attorney of record, Mark D. Stern, Esq., 34 Liberty Avenue, Somerville, MA 02144.


Date: June 8, 2006                              *James B. Lampke*
                                                James B. Lampke