UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 2004 CV 11234 MEL

|   |   |
|---|---|
| BOYD FULTON,<br>        Plaintiff | )<br>)<br>) |
| VS. | )<br>) |
| TOWN OF HULL,<br>MASSACHUSETTS<br>        Defendant | )<br>)<br>)<br>) |

**DEFENDANT TOWN OF HULL'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
AND REQUEST FOR ORAL ARGUMENT ON SAME**

Now comes the defendant Town of Hull (Town) and pursuant to Rule 56.1 of the Local Rules herewith provides its opposition to the plaintiff's Motion for Partial Summary Judgment and further requests a hearing on same.

**BACKGROUND**

This is a suit by a former employee of the Town, based on claims of violations of the Fair Labor Standards Act (FLSA) and the comparable Massachusetts wage laws. As part of its answer, the Town has also asserted a counterclaim against the plaintiff for equipment that he did not return to the Town when he was terminated.

Presently before the Court is the plaintiff's Motion for Partial Summary Judgment on certain of his claims, namely that the Town did not pay him his accrued vacation pay of one week and that he is entitled to be compensated for what he describes as time he had to remain available for possible call back work. The other claims of the plaintiff are

1

not addressed in this pending motion.

   A. Vacation Pay Claim-

The plaintiff claims that the Town did not pay him for his accrued vacation pay at the time he was terminated from the employ of the Town.

The Town has acknowledged that by inadvertence and error it did not pay the plaintiff the $624.00 he was owed for vacation. The Town has offered to pay that sum to the plaintiff. Although not legally required to do so, the Town has also offered to enhance that sum by trebling it.

In fact, the Town has made an offer under Rule 68 of the Federal Rules of Civil Procedure of an Offer of Judgment in the amount of $1872.00, which is treble the one week's vacation pay.

It should be noted that the trebling of said vacation pay is an enhancement offered by the Town. While the plaintiff may seek a trebling of the amount due under the law, there is no right to a trebling of the amount involved. Such action lies within the sound discretion of the Court. Weidmann v. The Bradford Group, 444 Mass. 698, 709 (2005).

In the plaintiff's Memorandum in support of his motion he claims that a trebling of the damages is mandatory. Plaintiff did call to the attention of the Court and the Town in a letter dated May 15, 2006, which can be taken as an amendment to the Memorandum, that such trebling of damages are not mandatory but discretionary, based on the recently decided Weidmann case. That case, decided by the Massachusetts Supreme Judicial Court, effectively over rules the other Massachusetts

District Court and Superior Court decision cited by the plaintiff in support of his request for a trebling of damages.

Under the law, the extent that damages may be multiplied is a task for the Court to decide, not the parties. To the extent that the Town's answers to the complaint may indicate an agreement that damages may be trebled, that can not and should not be taken as an admission of the Town. Prior to the <u>Weidmann</u> case it was typically believed that damages would be trebled. The Town's answer was filed months before the recent <u>Weidmann</u> case and reflected that commonly held belief. If necessary, the Town will file to amend its answer in response to this change in the case law concerning there being no automatic trebling of damages.

In any event, as a conciliatory effort to settle this matter, the Town has offered, without admitting liability, to enhance the one week of vacation pay by trebling the amount.

B. <u>On Call Pay Claim-</u>

The plaintiff further asserts in his complaint and his Motion For Partial Summary Judgment that he is entitled to what he calls "on call" pay. This supposedly would be time that the plaintiff claims he spent at home waiting for the Town to call him in for extra work, such as snow plowing. The basis of the plaintiff's claim in this issue is that the plaintiff claims he was required to report to work if called in for snow plowing within 30 minutes and that therefore, he should be compensated for any waiting time before he may have been called in (once he was called in, he would presumably be

compensated for the time worked).[1]

In the plaintiff's memorandum, it is asserted that he was mandated to be within close proximity of his residence.  However, nowhere in his affidavit or anyplace else does he make that statement.  The mere fact that one's attorney asserts something of a factual basis in a brief does not establish that fact.  There is no establishment on this point and thus it remains an item which must be proved.

Furthermore, the Town has submitted evidence in opposition to this argument in the form of an affidavit of Robert White, the Department's working foreman.  See Affidavit attached to Town's Statement of Material Facts.  Mr. White, a long time employee who is essentially the person in charge of the Department, makes it clear that employees did not have to remain at home in case they were called back to work.  The expectation of having an employee return to work within 30 minutes was subject to the qualification that the employee was able to so return.  As noted in Mr. White's affidavit, if the employee was not able to so return, he was excused.

The plaintiff suggests that he was reprimanded for failing to return to work within the 30 minutes.  However, a fairer reading of the letter from the then Superintendent of Streets indicates that the "reprimand" was more for not answering his phone or being reachable when the Department tried to reach him to call him into work.  See Exhibit A to Affidavit of Boyd Fulton, submitted by the plaintiff.

The plaintiff makes a blanket sweep of entitlement for being on call.

---

[1] At various places in the plaintiff's submission he refers to a call back time of 15 minutes and in other places of 30 minutes.  It is clear however that what the plaintiff really alleges as the call back time is 30 minutes.  This is stated in the letter from the Town dated January 23, 2002, attached to the plaintiff's affidavit.  In the 7th paragraph of said letter, it clearly states that there is a one-half hour" time period as the expected time period.

However, the law is clear that any such situation where there is such a claim must be examined on a case-by-case basis to determine the facts. As stated by the Supreme Court in <u>Skidmore v. Swift</u>, 323 U.S. 134 (1944), "We have not attempted to, and we cannot, lay down a legal formula to resolve cases so varied in their facts as are the many situations in which employment involves waiting time. Whether in a concrete case such time falls within or without the Act *is a question of fact to be resolved by appropriate findings of the trial court."* 323 U.S. 134 at 137 (Emphasis supplied)

The Supreme Court noted some of the factors to be considered during a factual presentation- to be determined by the courts. These would include "scrutiny and construction of the agreements between the particular parties, appraisal of their practical construction of the working agreement by cobnut, consideration of the nature of the service, and its relation to the waiting time, and all of the surrounding circumstances. Facts may show that the employee was engaged to wait, or they may show that he waited to be engaged." <u>Skidmore</u>, 323 U.S. 134 at 137

The need for a more factual presentation before the Court on this issue is perhaps best explained by the long-standing test set forth by the <u>Skidmore</u> court. The Supreme Court held that the answer to the analysis "depends upon the degree to which the employee is free to engage in personal activities during periods of idleness when he is subject to call and the number of consecutive hours that the employee is to call without being required to perform active work. 323 U.S. at 138.

Here, even if it were to be assumed *arguendo* that the plaintiff was in fact on call, a factual determination has to be made by this Court as to whether such waiting time

5

constitutes time that would entitle him to be paid or was other time that he would not be paid for. The record is not adequate for the Court to make such a determination in the absence of a factual hearing.

As noted in Mr. White's affidavit, if an employee was not able to get to work within 30 minutes, because for example the employee was out of Town, etc., the employee would be excused from having to report to work following a call back. The test is whether the plaintiff was in fact prevented from doing other activities during this so called call back time. This requires under the law a factual determination by the Court.

C.  <u>Effect of counterclaim on any amount plaintiff may be due-</u>

The Town has asserted as part of its answer a counterclaim against the plaintiff for the value of items of personal property that the Town provided him but he failed to return.

Should the plaintiff be entitled to any recovery under its Motion for Partial Summary Judgment, the amount needs to be reduced by any amount recovered in the counterclaim.

## CONCLUSION

For the reasons argued above and that may be presented at oral argument, the plaintiff's Motion for Partial Summary Judgment should be denied.

## REQUEST FOR ORAL ARGUMENT

The Town further requests that the Court schedule a hearing to hear oral argument on the Motion and Opposition so that the parties may address these issues

with the Court, have an opportunity to answer any questions or concerns raised by the Court and to generally be of assistance to the Court in addressing this matter. Said hearing may also be an opportunity for the parties to avail itself of any mediation/conciliation services the Court may be able to offer.

June 8, 2006

Respectfully submitted,
Town of Hull,
By its Town Counsel,
S/ *James B. Lampke*
JAMES B. LAMPKE, ESQ.
BBO NO. 284280
TOWN COUNSEL-TOWN OF HULL
115 NORTH STREET
HINGHAM, MA  02043
781-749-9922

Certificate of Service

I, James B. Lampke, Esq., certify that I have this day served a copy of the within document on the plaintiff by mailing/emailing a copy of same to his attorney of record, Mark D. Stern, Esq., 34 Liberty Avenue, Somerville, MA 02144.

Date: June 6, 2006

*James B. Lampke*
James B. Lampke