# Mark D. Stern, P.C.

34 LIBERTY AVENUE • SOMERVILLE, MA 02144 • (617) 776 4020 • FAX: (617) 776 9250 • email: markdsternpc@rcn.com

July 17, 2006

Civil Clerk George Howarth
United States District Court
   for the District of Massachusetts
John Joseph Moakley Courthouse
1 Courthouse Way, Room 1300
Boston, MA 02210

      Re: Fulton v. Town of Hull
         Docket No. 2004 CV 11234 MEL

Dear Mr. Howarth:

     Since our hearing on Plaintiff's Motion for Partial Summary Judgment was held in chambers, it was suggested that I put my objection on the record by writing a letter to the Court, which I hereby do. I do so in a separate, accompanying letter because, in an effort to resolve our differences, Mr. Lampke and I have entered into a stipulation that follows.[1]

     As background, I recount that the Plaintiff objected to the Court taking the letter in question, the March 15, 2005 letter of Attorney Lampke to Attorney Stern, under FRE Rule 408, which governs the admissibility of "conduct or statements made in compromise negotiations." Plaintiff's objection, paraphrased, was that an offer to pay is not a payment and therefore has no relevance to this proceeding and cannot be considered on the question of liability under Rule 408. The Court overruled the objection and agreed to take the letter into evidence. After Judge Lasker left the room, Plaintiff's Counsel offered to Defendant's Counsel to stipulate to facts about the letter in lieu of submitting the offer of settlement to the trier of fact. Defendant's Counsel determined to consider the same before submitting the letter to the Court.

     That said, Plaintiff and Defendant agree, without waiving Defendant's right to offer the letter as well, to the following stipulation regarding the letter:

---

[1] Mr. Lampke may also send a separate letter memorializing his position on the objection.

*The letter was sent on March 15, 2005 from Attorney Lampke to Attorney Stern.*

*It states in bold and capitals at the outset that it is*
***FOR SETTLEMENT PURPOSES ONLY.****"*

*In the letter the Defendant offers to pay the Plaintiff $1,872 on his claim for vacation pay as well as other sums including some attorney's fees in full settlement of all of the Plaintiff's claims in this action.*

    Plaintiff respectfully would like to address one other matter that appeared to be of concern to the Court at hearing. It appeared that the Court perceived the damages sought in this case to be relatively speaking small compared to cases generally filed in federal court and more comparable to claims filed in a state district court. All this is certainly true. However, Plaintiff's Counsel would like the Court to remember that Plaintiff's Counsel did not initiate this proceeding in this Court. Plaintiff himself filed this action *pro se*, undoubtedly not aware of his other options and the economies associated with them. His Counsel took this action over at a time when withdrawal and re-filing in state district court, where Plaintiff's Counsel would otherwise have initiated this action, would have resulted in a loss of substantive rights to his client. Under these circumstances as Plaintiff's Counsel I am doing the best I can to economize the burdens associated with resolving this case. It is precisely for this reason I filed for partial summary judgment on two claims and proposed a non-jury trial on the claims that cannot be fully adjudicated by motion.

                                           Cordially,

                                           Mark D. Stern

cc:    Boyd Fulton
        James B. Lampke

                                           Signed as to the stipulation only,

                                           James Lampke

# Mark D. Stern, P.C.

34 LIBERTY AVENUE • SOMERVILLE, MA 02144 • (617) 776 4020 • FAX: (617) 776 9250 • email: markdsternpc@rcn.com

July 17, 2006

Civil Clerk George Howarth
United States District Court
  for the District of Massachusetts
John Joseph Moakley Courthouse
1 Courthouse Way, Room 1300
Boston, MA 02210

      Re: Fulton v. Town of Hull
         Docket No. 2004 CV 11234 MEL

Dear Mr. Howarth:

    In light of the accompanying stipulation, the Plaintiff reasserts his objection, contained in the accompanying letter, and places on the record his contention that the letter should not be accepted by the Court under Rule 408. Plaintiff's contention is that the Defendant owed him vacation wages which it has to date failed to pay him. The statute requires prompt payment. The Plaintiff notified the Defendant of its obligation in writing on two occasions. The Defendant acknowledged its obligation to pay nineteen months ago and yet still has not made any payment. The document in question shows only that sixteen months ago the Defendant offered to pay the vacation wages; however, that offer was part and parcel of, and contingent on the settlement of other claims, and no unconditional payment of a debt acknowledged unconditionally to be owed has ever been made to the present date. Given this fact the offer does not establish "prompt payment" and therefore does not bear on either the issue of liability (along with which goes the issue of entitlement to costs including reasonable attorney's fees) or the issue of trebling of damages.

                Cordially,

                Mark D. Stern

cc:    Boyd Fulton
       James B. Lampke