UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BOYD FULTON,
    Plaintiff

Civil Action No.2004 CV 11234 MEL

v.

TOWN OF HULL, MASSACHUSETTS,
    Defendant

## MOTION FOR AN AWARD OF ATTORNEYS' FEES FOR HAVING ACHIEVED PARTIAL SUMMARY JUDGMENT

Boyd Fulton (the Plaintiff) moves this Honorable Court to determine the amount of costs including attorneys fees to be awarded his Counsel Mark D. Stern, P.C.(Mark Stern) for having prevailed on a claim for which the Plaintiff is entitled to and the Court has ordered statutorily mandated award of costs including attorneys' fees. M.G.L. c. 149, §148.

The amounts requested are set forth in the Addendum to the Affidavit of his Counsel, Mark D. Stern. They are broken out into several categories, and by this motion fees are requested at different rates for each subcategory of work with the exception of one subcategory for which no fees at all are requested. They are also adjusted downwards in an exercise of "billing discretion."

In support of his request the Plaintiff submits his Counsel's Affidavit, his Counsel's contemporaneous time records, and the supporting Affidavits appended to said affidavit of Andrew Fischer, Joanne Fray, Barry Klickstein, John Mason, Jr., Thomas Shapiro and Judith Somberg. The Plaintiff also submits a Memorandum of Law in which he argues in summary that the requested award should be granted in full because:

1.   The requested award is called for based on the (a) the amount of services rendered; (b) the necessity of those services; and (c) the appropriate market rates for those services. *Fontaine v. Ebtec Corp.*, 415 Mass. 309, 325-326 (1993);

2.   The services rendered are fairly apportioned between the claim on which he prevailed and the other claims yet pending; and

3.   The services were necessary because of the Employer's unlawful refusal to pay Plaintiff wages it acknowledged it owed to him. *City of Riverside v. Rivera*, 477 U.S. 561 580, n. 11 (1986), quoting *Copeland v. Marshall*, 641 F.2d 880, 904 (D.C.Cir. 1980) (*en banc*), a party "cannot 'litigate tenaciously and then be heard to complain about the time necessarily spent by the Plaintiff in response.'"

By his attorney,

Mark D. Stern
BBO #479500
**Mark D. Stern, P.C.**
34 Liberty Avenue
Somerville, MA 02144
Tel. (617) 776-4020
Fax (617) 776-9250
email: markdsternpc@rcn.com

CERTIFICATE OF SERVICE

I hereby certify that on this date September 6, 2006 I caused to be served a copy of the above document on the Defendant by mailing a copy, first class, postage prepaid to its attorney James B. Lampke, 115 North Street, Hingham, MA 02043

Signed:
Mark D. Stern