UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BOYD FULTON,
          Plaintiff

          v.

TOWN OF HULL, MASSACHUSETTS,
          Defendant

Civil Action No.2004 CV 11234
MEL

## AFFIDAVIT OF MARK D. STERN IN SUPPORT OF
## TENANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES

I Mark D. Stern swear under the pain and penalty of perjury that the following statements are true, accurate and complete, and known to me personally unless otherwise indicated to be known to me only on information and belief.

1. I am a graduate of Brown University (1966) and Harvard Law School (l969). I graduated both institutions cum laude and with honors. I was admitted to the following bars on the following dates:

A.     Bar of the Commonwealth of Massachusetts (April 1970);

B.     Bar of the United States District Court for the District of Massachusetts (April 1970);

C.     Bar of the First Circuit Court of Appeals (September 1976);

D.     Bar of the Second Circuit Court of Appeals (January 1980); and

E.     Bar of the Supreme Court of the United States (October 1982).

2. I have been actively engaged in the practice of law since 1972, specializing in litigation, and in particular housing law, employment law and civil rights litigation. Before that time I was an Instructor at Wellesley College, a Teaching Assistant at Harvard College, and Director of Housing,

1

Education and Family Services for the Mayor's Office of Human Rights of the City of Boston.

3.   I am presently in solo private practice.  Previously I have had one associate, and before that I was a partner in the law firms of Goldstein, Pressman, Stern and Hiller, Cambridge, MA, and Galvin and Stern, and Stern and Zack in East Boston, MA.

4.   For most of the time that I have been in practice, I have concentrated on complex litigation, frequently on the other side from the largest and most prestigious law firms in the Boston area. During that time I have had the opportunity to break new ground in a number of areas.   In many of these cases I have garnered experience and demonstrated my abilities as an appellate advocate.  I mention only a handful of these below.

A.   In the areas of housing law rights, in 1982 my clients in the Vieira case won the first significant damage judgment (nearly $2,000,000) for asymptomatically lead poisoned children; this case settled after a successful appellate oral argument.

B.   A decade earlier, in the two Kargman cases at the First Circuit Court of Appeals, my clients prevailed on questions of federal supremacy related to rent control regulation, and on reviving the common fund legal fee doctrine.

C.   A decade later, in the 1990's I obtained a contempt judgment in the Anderson case for more than a hundred, most elderly tenants in Brookline after several successful defenses of appeals taken to the Supreme Judicial Court and Single Justices thereof.

D.   In the area of employment law, in 1983 my client in the Irvine case, a teacher who assisted her students in filing sex harassment charges against her supervisor/their professor, won $350,000 on account of the ensuing retaliation she suffered.

E.   In 2000 my client in the Cummings case won nearly $2,000,000 on an age discrimination claim, upheld by the First Circuit Court of Appeals.

F.   In 2006 I won an appeal in the case of Moore Trust v. Din-Dayal obtaining a judgment for my client in a retaliatory eviction case; reconsideration of the discrimination claim, damages and attorneys fees are pending decision.

2

G.   In the area of labor union democracy, in the early 1980's my clients in the Crowley case obtained pre-election relief for Teamster dissidents who incumbent officers prevented from running against them.  On certiorari, the U.S. Supreme Court limited the right to such relief, but expanded pre-existing rights.

G.   In 1988 my client in the Doty case was awarded a $550,000 jury verdict against a local union and its officials who had intimidated and inhibited him from advocating for democratic changes in the union.  The Verdict was sustained on appeal.

H.   In an earlier appeal on behalf of Mr. Doty I established a three year statute of limitations for LMRDA violations in the First Circuit despite the fact that other circuits had held the statute of limitations was six months; the decision was later cited in a Supreme Court case adopting the three year statute of limitations.

I.   In other areas of labor law, my clients in U.E. v. Pleasant Street Corporation, union retirees, were granted the right to proceed under ERISA against a foreign corporation which owned and controlled their defunct, former employer for health and life insurance benefits.

J.   My clients in the Boston Jobs Coalition case successfully defended the City of Boston's resident and women's quota's for construction work before the Massachusetts Supreme Judicial Court.

K.   My client in In re Walter established the right of a husband to custody of his wife's son without having to prove his paternity.

5.  I have taught litigation skills for the New England School of Law, the Advocacy Training Institute, the Massachusetts Lawyers Guild, and the Suffolk Law School Community Education Project.  I have also put on presentations for the Massachusetts Association of Trial Lawyers and the Massachusetts Lawyers Guild, and at Northeastern University Law School, Suffolk University Law School, Harvard Law School, Boston College Law School and Boston University Law School.  I served on the Advisory Board for the Advocacy Training Institute in 1984 et seq., have served on the Workers Rights Board of Jobs with Justice, and am pending an appointment as a Commissioner for the Supreme Judicial Court/Board of Bar Overseers.

6. I have chaired national committees of one bar association for several years in both the housing and labor/employment areas, respectively from 1974-76 in the housing area and 1977-80 in the labor/employment area.

7. I have regularly received both referrals from individuals and institutions, and requests for assistance from attorneys in housing litigation, employment and civil rights/discrimination litigation.

8. I have done two cases for Mr. Fulton, the present case and the final piece of a Civil Service case. As discussed below, my work on the two cases began simultaneously in June, 2004.[1] Before that I had consulted with him in December 2003 and January 2004 on the same matters. I do not have any expectation that my relationship with this client will result in my obtaining any future, lucrative business.

9. I have maintained detailed time records of the work done for my client, and have reproduced them in a typed format in Addendum A hereto. I have reviewed those statements and certify that they are accurate.

10. The hours I expended and detailed on the Addendum hereto generally include only time that I was working to produce a pleading, correspondence or the like. The Addendum does not, in the exercise of billing judgment, include time I spent thinking about the case, and talking to other people about issues in the case and how to approach them.

11. For the purpose of this motion I have sub-categorized the services I rendered for Mr. Fulton into several categories, and by this motion request no fees or fees at different rates for each subcategory of work. These subcategories are as follows:

---

[1] My work on the Civil Service matter concluded after a motion hearing in November 2004.

4

A. *SERVICES RENDERED ONLY ON THE VACATION PAY CLAIM AND/OR HIS FEE APPLICATION:* Where the services rendered would have had to have been rendered in precisely the same way as they were had the Plaintiff sought only partial summary judgment on the claim on which he prevailed, I have included the time expended (and expenses where applicable) at the full market rate ($450). This would include services such as attending the hearing on the motion, and reading the decision of the Court.

B. *SERVICES RENDERED ON THE SUMMARY JUDGMENT MOTION:* Where the services rendered can be identified as working on the claim on which the Plaintiff has prevailed, and only one other claims simultaneously, I have included the time expended (and expenses where applicable) at half of the full market rate ($225). This would include services such as preparing the motion for partial summary judgment and supporting materials, which referenced two claims, one on which Plaintiff has prevailed and the other which remains to be tried at a later date.

C. *SERVICES RENDERED ON THIS CASE GENERALLY:* Where the services rendered can only be identified as working on this case as a whole, and cannot be identified as being directed to one or two particular claims, I have included the time expended (and expenses where applicable) at one third the full market rate ($150). This would include services such as preparing the Complaint in this action.

D. *SERVICES RENDERED ON BOTH HIS CASES:* Where the services can be identified only as relating to representing the client generally, I have included the time expended (and expenses where applicable) at twenty two percent of the full market rate ($100). This would include such services as meeting with or otherwise communicating with the client, or opposing

5

counsel, and reviewing documents provided with an eye to consideration of all his claims..

E.    *SERVICES RENDERED ONLY IN THE CIVIL SERVICE PROCEEDING, AND/OR ON YET
PENDING CLAIMS IN THIS CASE*: Finally, where the services rendered can only be
specifically identified as relating to the Civil Service proceeding or claims in this proceeding
on which the Plaintiff has yet to prevail, I have included the time expended (and expenses
where applicable) and indicated there is no current charge for them.

12.  I commenced working on this proceeding on an hourly basis, but Mr. Fulton discontinued
paying me some time ago, and I have worked since then on a de facto contingency fee basis, that is,
only had an expectation of payment if he won some or all of his claims.

13.  Care was taken throughout the entirety of the litigation to assure that the tasks required
to be done were allocated between lawyers and paralegal staff to accomplish a maximum of
economies and the best possible results.  These tasks were performed by my former associate, Donna
Conley, and former paralegal assistant, Elizabeth Clemons. I personally coordinated all the
aforementioned persons' efforts in such a fashion to insure that there was no duplication of effort,
and to assure that the best possible case was presented to this Court.  In my view none of the services
rendered by any of these persons and none of the costs incurred duplicated any services rendered or
costs incurred by any other person.

14.  Appended hereto are copies of a number of affidavits relating to my experience, skill, and
reputation as an attorney, and what constitutes a reasonable hourly rate for my services in this case.
They are from Attorneys Thomas Shapiro (Exhibit A hereto), Barry Klickstein (Exhibit B hereto),
Joanne Fray (Exhibit C hereto), John Mason, Jr. (Exhibit D hereto), Andrew Fischer (Exhibit E

hereto), Judith Somberg (Exhibit F hereto), and Benjamin Hiller (Exhibit G hereto).[2]

15.     For my services in this case I am advised that the rate of $450 is at the far low end of what attorneys of my experience, reputation and skill charge for litigation services in the Boston area..  I have used the base rate of $225 for Attorney Conley, and $40 per hour for paralegal services provided by my office.  Their respective resumes are appended hereto as Exhibits H and I.

16.   The filing fee incurred by Mr. Fulton himself was $150; a copy of the receipt for said filing fee is appended as Exhibit J hereto.  Said fee would have been incurred had he pursued only the sole claim on which he has prevailed to date.  The costs my office expended on Mr. Fulton's behalf totaled $311.58 and are detailed in the Addendum hereto.  These costs should be pro-rated: that is, one third should be allowed at this time. To this end I have credited two thirds thereof ($207.72) on my bill as if there were a payment of such an amount.

Signed this 5th day of September 2006

Mark D. Stern

CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2006 I caused to be served a copy of the above document on the plaintiff-appellee by mailing a copy, first class, postage prepaid to James B. Lampke, Town Counsel, Town of Hull, 115 North Street, Hingham, MA 02043

Signed:

Mark D. Stern

---

[2] As the headings indicate, I procured them for use in other cases and with the exception of the Hiller Affidavit, I recently employed in a state court appellate procedure in which my client prevailed after an adverse trial court decision on her housing discrimination and retaliation claims.

**Mark D. Stern P.C.**                                    34 Liberty Avenue Somerville, MA  02144-2022

617 776 4020

# ADDENDUM

September 05, 2006

In Reference To:  <u>Boyd Fulton v. Town of Hull, Massachusetts</u>
United States District Court/District of Massachusetts
Civil Action No. 2004 CV 11234  MEL

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 12/23/2003 | ALL SLIPS ARE MARK STERN UNLESS OTHERWISE INDICATED TO BE ATTORNEY DONNA CONLEY OR PARALEGAL WORKER ELIZABETH CLEMONS | 0.70<br>100.00/hr | 70.00 |
|  | Review papers; do research and write client |  |  |
| 1/14/2004 | Extended telephone call with client; telephone call with Galen Gilbert; e-mail from Gilbert; more faxes and telephone calls with client and Gilbert | 1.40 | NO CHARGE |
| 6/11/2004 | Meeting with client and Donna Conley | 2.00 | NO CHARGE |
| 6/14/2004 | Documents from client; telephone message from client | 0.10<br>100.00/hr | 10.00 |
| 6/15/2004 | Two e-mails from Donna Conley; telephone message from client | 0.15<br>100.00/hr | 15.00 |
| 6/18/2004 | CONLEY<br>Legal research; telephone call client (RSVP) | 0.10<br>50.00/hr | 5.00 |
|  | Work with Donna Conley re: claims; telephone message to client | 0.15<br>100.00/hr | 15.00 |
| 6/20/2004 | Telephone call client | 0.05<br>100.00/hr | 5.00 |
| 6/21/2004 | CONLEY<br>Meeting with client; request personnel file and letter to Town/demand | 0.30<br>50.00/hr | 15.00 |
|  | Meeting at office with Donna Conley and client; revise draft and send letter to Hull | 0.90<br>100.00/hr | 90.00 |

Boyd Fulton                                                                                          Page    2

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 7/6/2004 | Telephone call to client, left message; telephone call office of Town of Hull's counsel | 0.15<br>100.00/hr | 15.00 |
| 7/7/2004 | Personnel file from Hull and letter | 0.10<br>100.00/hr | 10.00 |
| 7/8/2004 | Review file and write to client; letter from Town | 0.40<br>100.00/hr | 40.00 |
| 7/13/2004 | Telephone call client (RSVP) and letter to client | 0.10<br>100.00/hr | 10.00 |
| 7/26/2004 | Multiple calls to client for update | 0.10<br>100.00/hr | 10.00 |
| 7/27/2004 | Telephone call client | 0.15<br>100.00/hr | 15.00 |
| 7/29/2004 | CONLEY<br>Work on Amended Complaint; legal research; review client's materials | 0.30<br>75.00/hr | 22.50 |
| 7/30/2004 | Review files from client; telephone call client, left message; work with Donna; fax and call from Civil Service (file) and telephone call to client and review of file; telephone calls to and from Civil Service Commission (Bob Smith); fax to hm | 0.75 | NO CHARGE |
| | Telephone messages to and from client | 0.05<br>100.00/hr | 5.00 |
| | CONLEY<br>Work with Mark D. Stern on review of civil service files | 0.10 | NO CHARGE |
| 8/3/2004 | Telephone calls to Civil Service persons; letter to client and review and organize files | 0.55 | NO CHARGE |
| 8/17/2004 | Review materials from client and telephone call to client, left message | 0.20 | NO CHARGE |
| 8/25/2004 | Telephone message from client; telephone message to client, reply | 0.10<br>100.00/hr | 10.00 |
| 9/1/2004 | Letters from and to client | 0.25<br>100.00/hr | 25.00 |
| 9/8/2004 | Telephone call client; review file; telephone call Donna Conley | 0.20<br>100.00/hr | 20.00 |

Boyd Fulton                                                                                      Page    3

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 9/10/2004 | CONLEY<br>Review personnel file and pay records; meeting with client re: federal Complaint | 1.50<br>75.00/hr | 112.50 |
|  | Client at office and telephone calls with Lampke (with Donna Conley) | 0.70<br>150.00/hr | 105.00 |
| 9/15/2004 | CONLEY<br>Revisions to Amended Complaint; review of client's synopsis | 1.50<br>75.00/hr | 112.50 |
| 9/16/2004 | Letter and agreement to client; work with Donna Conley re: claims | 0.40<br>150.00/hr | 60.00 |
|  | CONLEY<br>Memo to file re: issues of law and draft one count | 0.30<br>75.00/hr | 22.50 |
| 9/20/2004 | Review draft Complaint and notes from Donna Conley | 0.45<br>150.00/hr | 67.50 |
| 9/21/2004 | CONLEY<br>Discuss legal theories of Complaint with Mark D. Stern and revise Amended Complaint; more on revising Amended Complaint and prepare waiver of service of summons | 1.00<br>75.00/hr | 75.00 |
|  | Work on Amended Complaint and research | 1.20<br>150.00/hr | 180.00 |
| 9/22/2004 | Work on letter to Town attorney and Amended Complaint; telephone call with Fulton | 0.40<br>150.00/hr | 60.00 |
| 9/29/2004 | Telephone call client | 0.35<br>150.00/hr | 52.50 |
| 10/1/2004 | Review docket; messages for client | 0.05<br>150.00/hr | 7.50 |
| 10/3/2004 | CONLEY<br>Left message for client; e-mail to Mark D. Stern re: on call | 0.20 | NO CHARGE |
| 10/4/2004 | CONLEY<br>Revise Complaint; two telephone calls with client and Mark D. Stern; revise letter to Lampke | 1.30<br>75.00/hr | 97.50 |
|  | Telephone call client, with Donna Conley re: on call claim; research | 0.65 | NO CHARGE |
| 10/11/2004 | Correspondence to client | 0.10<br>150.00/hr | 15.00 |

Boyd Fulton                                                                                    Page     4

| Date | Description | Hrs/Rate | Amount |
|---|---|---|---|
| 10/18/2004 | CONLEY<br>Letter to National Weather Service requesting snow forecasts | 0.10 | NO CHARGE |
| 10/27/2004 | Telephone call with Attorney Lampke; research | 0.30<br>75.00/hr | 22.50 |
| 11/1/2004 | CONLEY<br>Letter to client re: Civil Service Commission hearing | 0.10 | NO CHARGE |
| 11/15/2004 | Telephone calls with Attorney Lampke; faxes to and from Attorney Lampke;<br>pull out files; telephone call from client and fax | 0.40<br>100.00/hr | 40.00 |
| 11/16/2004 | Preparation with client; Civil Service hearing; travel; letter to client | 2.50 | NO CHARGE |
| 11/23/2004 | Client package in mail; telephone call client (RSVP); telephone call client and<br>telephone review of papers | 0.45<br>100.00/hr | 45.00 |
| 11/30/2004 | Review Donna Conley's research | 0.10<br>150.00/hr | 15.00 |
| 12/6/2004 | Telephone call Lampke | 0.05<br>150.00/hr | 7.50 |
| 12/8/2004 | Telephone call from Lampke, extend to 12/14; fax | 0.10<br>150.00/hr | 15.00 |
| 12/14/2004 | Answer and letter from Lampke; letter to client | 0.20<br>150.00/hr | 30.00 |
| 12/15/2004 | Review  Answer and annotate Complaint | 0.35<br>150.00/hr | 52.50 |
| 12/16/2004 | Discuss case with Donna Conley; draft letter to Lampke; letter to client;<br>telephone call client, left message | 1.70<br>150.00/hr | 255.00 |
|  | CONLEY<br>Draft reply letter to Lampke re: Amended Complaint; letter to client; review<br>Defendant's Answer | 1.40<br>75.00/hr | 105.00 |
| 12/20/2004 | CONLEY<br>Draft Plaintiff's Rule 16 Certification; letter to client; draft Joint Statement and<br>Initial Disclosures | 1.10<br>75.00/hr | 82.50 |
|  | Letter to client re: Certification and draft Joint Statement | 0.20<br>150.00/hr | 30.00 |
| 12/21/2004 | Telephone call from client; telephone call Donna Conley; telephone call<br>Lampke (RSVP) | 0.65<br>150.00/hr | 97.50 |

Boyd Fulton                                                                                          Page    5

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 12/22/2004 | Telephone call Lampke (RSVP) and letter to him; Answer to Counterclaims | 0.55 150.00/hr | 82.50 |
| 12/24/2004 | Telephone call Lampke; fax from Lampke; review of file; telephone call with Donna Conley; research | 0.40 150.00/hr | 60.00 |
| 12/30/2004 | Notice from Court | 0.05 150.00/hr | 7.50 |
| 1/3/2005 | Fax from Lampke; mailing from client | 0.15 150.00/hr | 22.50 |
|  | CONLEY Review of documents from client; cover letter to Court (Local Rule 16 Certification); letter to client | 0.30 75.00/hr | 22.50 |
| 1/6/2005 | CONLEY Telephone call with client and review of documents | 0.70 75.00/hr | 52.50 |
|  | Telephone call with client and with Donna Conley re: her work with client | 0.20 150.00/hr | 30.00 |
| 1/10/2005 | Draft Initial Disclosures and Joint Statement; review of documents; letter to Lampke | 1.90 75.00/hr | 142.50 |
| 1/13/2005 | CONLEY Work with Mark D. Stern on Joint Statement and letter to client; letter to Lampke; Settlement and Demand draft | 0.80 75.00/hr | 60.00 |
|  | Work on letter to Lampke; telephone call to Lampke; letter to Fulton | 0.45 150.00/hr | 67.50 |
| 1/19/2005 | Mailing from Lampke and to client with letter; telephone call client | 0.20 150.00/hr | 30.00 |
| 1/24/2005 | Telephone call client; letters to Civil Service Commission and client | 0.70 | NO CHARGE |
|  | Joint Statement, demand letter and letter to client and multiple phone calls and faxes | 0.70 150.00/hr | 105.00 |
|  | CONLEY Three telephone calls client and with Mark D. Stern on demand letter and Joint Statement | 2.70 75.00/hr | 202.50 |
|  | CONLEY Correspondence to Civil Service Commission | 0.10 | NO CHARGE |

Boyd Fulton                                                                                          Page    6

|            |                                                                                      | Hrs/Rate  | Amount |
|------------|--------------------------------------------------------------------------------------|-----------|--------|
| 1/25/2005  | Fax from and two telephone calls to Lampke                                           | 0.30 150.00/hr | 45.00 |
| 1/26/2005  | Work on Amended Complaint with Donna Conley                                          | 0.30 150.00/hr | 45.00 |
|            | CONLEY Revisions to Second Amended Complaint, Motion for Leave to File; look through and preparation for Initial Disclosure documents | 0.70 75.00/hr | 52.50 |
| 1/28/2005  | Fax from client; call to him                                                        | 0.10 150.00/hr | 15.00 |
| 2/2/2005   | Court; travel; review of file                                                       | 1.65 150.00/hr | 247.50 |
| 2/7/2005   | Filings from Court                                                                   | 0.10 150.00/hr | 15.00 |
| 2/14/2005  | Order from Court                                                                     | 0.05 150.00/hr | 7.50 |
| 2/15/2005  | Telephone call Lampke; update and file Disclosures; do Rule 30B(6) Notice            | 0.85 150.00/hr | 127.50 |
| 2/25/2005  | Research; letter to Lampke                                                           | 0.30 150.00/hr | 45.00 |
| 3/4/2005   | Telephone calls with Lampke; e-mail Baker and RSVP; telephone call from Baker; letters to Lampke and client | 0.50 150.00/hr | 75.00 |
| 3/17/2005  | Offer of Settlement from Lampke; telephone calls to client; review file; telephone call Lampke | 0.45 150.00/hr | 67.50 |
| 3/18/2005  | Letter to client; answer with copy to client; telephone call from client; call to Lampke (RSVP) | 0.70 150.00/hr | 105.00 |
| 3/19/2005  | Letter and telephone calls (RSVP) to Lampke; fax from and telephone call to client (RSVP) | 0.60 150.00/hr | 90.00 |
| 3/21/2005  | Telephone call with Lampke; e-mail Baker; message for Fulton; e-mail from Lampke and reply and mail to client | 0.50 150.00/hr | 75.00 |
| 3/22/2005  | Answer Counterclaims and file                                                       | 0.20 150.00/hr | 30.00 |
| 3/28/2005  | Fax from and letter to client; second letter to client                              | 0.25 150.00/hr | 37.50 |

Boyd Fulton

Page    7

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 3/30/2005 | Telephone calls with Lampke at office and home | 0.15<br>150.00/hr | 22.50 |
| 3/31/2005 | Telephone call with Lampke; call to client, RSVP | 0.30<br>150.00/hr | 45.00 |
| 4/1/2005 | Telephone call with Lampke; mailing form him and mailing and letter to client | 0.40<br>150.00/hr | 60.00 |
| 4/5/2005 | Messages from and to client | 0.10<br>150.00/hr | 15.00 |
| 4/11/2005 | Telephone call client re: settlement; letter to client | 0.35<br>150.00/hr | 52.50 |
| 5/6/2005 | Review fax from client; send letter to client | 0.25<br>150.00/hr | 37.50 |
| 7/21/2005 | Letter to client | 0.15<br>150.00/hr | 22.50 |
| 7/25/2005 | Letter to client; research | 0.15<br>225.00/hr | 33.75 |
| 8/3/2005 | Mail to client returned; telephone message to client | 0.15<br>150.00/hr | 22.50 |
| 8/10/2005 | Letter from and reply to client | 0.25<br>150.00/hr | 37.50 |
| 8/11/2005 | Telephone call Lampke (message) | 0.05<br>150.00/hr | 7.50 |
| 10/5/2005 | Letter to client | 0.20<br>150.00/hr | 30.00 |
| 1/12/2006 | Letter to client | 0.20<br>150.00/hr | 30.00 |
| 3/7/2006 | Letter from client and reply | 0.40<br>150.00/hr | 60.00 |
| 3/23/2006 | Letter to client | 0.30<br>150.00/hr | 45.00 |
| 4/3/2006 | Telephone call BBO for ethics opinion; review file; prepare affidavit and letter to client | 1.35<br>150.00/hr | 202.50 |

Boyd Fulton

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 4/7/2006 | Telephone message from client; letter to client | 0.50 225.00/hr | 112.50 |
| 5/1/2006 | Letter to client | 0.20 225.00/hr | 45.00 |
| 5/2/2006 | Telephone call client; review agreement, affidavit and Complaint with him | 0.30 225.00/hr | 67.50 |
| 5/5/2006 | Affidavit from client; draft Motion and Memo; Review of Rule 56 & Local Rule; work on Statement of Undisputed Facts | 1.70 225.00/hr | 382.50 |
| 5/10/2006 | Prepare Memo for Summary Judgment and Motion; telephone call with Donna Conley; research | 2.35 225.00/hr | 528.75 |
| 5/11/2006 | E-mail from Donna Conley and reply | 0.20 225.00/hr | 45.00 |
| 5/12/2006 | Telephone call with Donna Conley and notes for file | 0.30 225.00/hr | 67.50 |
| 5/15/2006 | E-mails from Court and letter to Court; telephone call with Donna Conley; fax to Lampke | 0.60 225.00/hr | 135.00 |
| 5/30/2006 | Telephone call Lampke | 0.30 225.00/hr | 67.50 |
| 6/6/2006 | Motion to Extend Time from Lampke | 0.10 225.00/hr | 22.50 |
| 6/8/2006 | Review e-mails from Lampke | 0.40 225.00/hr | 90.00 |
| 6/9/2006 | Send client letter | 0.10 225.00/hr | 22.50 |
| 6/15/2006 | E-mails and research with Donna Conley | 0.35 225.00/hr | 78.75 |
| 6/19/2006 | CLEMONS Letter to client re: hearing date/time | 0.25 20.00/hr | 5.00 |
| | Order from Court; letter to client and docket | 0.15 450.00/hr | 67.50 |
| 6/21/2006 | E-mails from and to Lampke | 0.10 225.00/hr | 22.50 |

Boyd Fulton

Page    9

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 6/28/2006 | Telephone call from Lampke's office; letter to Fulton | 0.10<br>225.00/hr | 22.50 |
| | CLEMONS<br>Letter to client | 0.10<br>20.00/hr | 2.00 |
| 6/29/2006 | Telephone call with Lampke re: new dates | 0.15<br>450.00/hr | 67.50 |
| 6/30/2006 | Fax from Lampke; letter to client | 0.10<br>225.00/hr | 22.50 |
| 7/6/2006 | Motion to Reschedule; Order from Court | 0.15<br>450.00/hr | 67.50 |
| 7/7/2006 | Message from Fulton; message to him with e-mail; prepare agreement for after summary judgment hearing; telephone call with Lampke and fax from him | 2.05<br>225.00/hr | 461.25 |
| 7/10/2006 | Telephone call from Lampke's office | 0.05<br>225.00/hr | 11.25 |
| 7/11/2006 | Telephone call with Lampke; preparation for Court; calculations with Kathy Caruso; letter to client and call to Lampke (RSVP) | 1.15<br>225.00/hr | 258.75 |
| | Court and travel and preparation | 1.65<br>450.00/hr | 742.50 |
| 7/12/2006 | Research FRE; e-mail from Court; telephone call with Lampke; draft letter to client | 0.75<br>225.00/hr | 168.75 |
| 7/13/2006 | Review and revise letter to Court; telephone call/e-mail Lampke | 0.40<br>225.00/hr | 90.00 |
| 7/14/2006 | Telephone calls Lampke (4 times) | 0.10<br>225.00/hr | 22.50 |
| 7/17/2006 | Telephone call Lampke; divide draft into two letters and send to Lampke | 0.50<br>225.00/hr | 112.50 |
| 7/18/2006 | Telephone call Lampke (RSVP) and reply telephone call; review and resend e-mail; telephone call Lampke | 0.35<br>225.00/hr | 78.75 |
| 7/19/2006 | E-mail from Lampke | 0.05<br>225.00/hr | 11.25 |
| 7/20/2006 | E-mail from Court and letter to client | 0.15<br>225.00/hr | 33.75 |

Boyd Fulton                                                                                Page    10

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 8/4/2006 | Telephone call from client | 0.10<br>225.00/hr | 22.50 |
| 8/23/2006 | Review Decision; telephone call with Donna Conley and send with letter to client | 0.50<br>450.00/hr | 225.00 |
| 8/27/2006 | Message from client re decision | 0.05<br>450.00/hr | 22.50 |
| 8/28/2006 | Telephone call to client; draft Mark D. Stern Affidavit; review and edit time records; reduce fees for various categories unrelated or only partially related to favorable decision; Telephone call Peg Malt | 2.55<br>450.00/hr | 1,147.50 |
| 8/29/2006 | Revise draft Mark D. Stern Affidavit; draft Fee Memorandum | 0.95<br>450.00/hr | 427.50 |
| 8/30/2006 | Telephone call Client; with Bookkeeper on expenses | 0.20<br>450.00/hr | 90.00 |
| 9/2/2006 | With Peg Malt on time records | 0.30<br>450.00/hr | 135.00 |
| 9/4/2006 | Review, correct and edit time records, Affidavit and Memo; draft motion and letter; Telephone call to Dick Bauer | 2.45<br>450.00/hr | 1,102.50 |
| 9/5/2006 | Prepare materials for filing with Court, Gather Exhibits for Affidavit, Revise Affidavit to Exhibits; Finish Addendum to Affidavit | 0.85<br>450.00/hr | 382.50 |
| | **For professional services rendered** | **75.00** | **$12,349.50** |
| | Additional Charges : | | |
| 6/4/2004 | Filing Fee paid by client | | 150.00 |
| 12/1/2004 | Photocopies | | 19.95 |
| | Postage | | 4.52 |
| 2/1/2005 | Copying costs | | 181.80 |
| | Postage | | 28.50 |
| | Subpoenas | | 14.65 |
| 4/1/2005 | Photocopies | | 9.60 |
| | Postage | | 3.56 |

Boyd Fulton                                                                    Page      11

|  |  | Amount |
|---|---|---|
| 9/2/2006 | Timeslips data entry | 49.00 |
|  | **Total costs** | **$461.58** |
|  | **Total amount of this bill** | **$12,811.08** |
| 9/5/2006 | Credit for two-thirds of expenses (See Affidavit of Mark D. Stern for explanation) | ($207.72) |
|  | **Total payments and adjustments** | **($207.72)** |
|  | Balance due | $12,603.36 |

COMMONWEALTH OF MASSACHUSETTS
APPELLATE DIVISION OF THE DISTRICT COURT DEPARTMENT
NORTHERN DISTRICT

APPELLATE DIVISION
CASE NO. 9937M

|  |  |  |
|---|---|---|
| MOORE REAL ESTATE TRUST ) | | |
| Plaintiff-Appellee, | ) | TRIAL COURT |
| | ) | CAMBRIDGE DIVISION OF |
| vs. | ) | THE DISTRICT COURT DEPT. |
| | ) | |
| INDRALAKSHMI DIN-DAYAL ) | ) | NO. 0452-SU-0672 |
| Defendant-Appellant | ) | |

## AFFIDAVIT OF THOMAS G. SHAPIRO

1. I am a practicing lawyer in Boston, Massachusetts with the firm of Shapiro Haber & Urmy LLP.

2. I have known Mark D. Stern for nearly forty years, since we were classmates together in the fall of 1966 at Harvard Law School, Class of 1969.

3. I have had various occasions over the years to discuss cases with him.

4. I believe him to be a first rate attorney with an excellent reputation, and deserving of being awarded fees commensurate with his experience.

5. My hourly rate for litigation is $630 per hour.

6. I am informed that the rate he is seeking in this litigation is considerably lower. It is my opinion the rate he is seeking is very fair and reasonable for lawyers of his experience, skill and reputation, and reasonable in relation to hourly rates charged generally in Boston by attorneys of his skill and experience.

Signed under the pains and penalties of perjury this 9th day of August, 2006.

_Thomas A. Shapiro_
Thomas G. Shapiro

EXHIBIT
**A**



# COMMONWEALTH OF MASSACHUSETTS
## APPELLATE DIVISION OF THE DISTRICT COURT DEPARTMENT
### NORTHERN DISTRICT

APPELLATE DIVISION
CASE NO. 9937M

MOORE REAL ESTATE TRUST )
  Plaintiff-Appellee, )
         )
v.         )
         )
INDRALAKSHMI DIN-DAYAL )
  Defendant-Appellant )

## AFFIDAVIT OF BARRY C. KLICKSTEIN

1. I am a partner in the Boston office of Duane Morris LLP, a law firm of more than 600 lawyers.

2. I am a member of the Massachusetts and New York bars, having been admitted in 1973, my practice is limited to litigation in the State and Federal Courts.

3. I have had various occasions over the years to have cases with and against Mark Stern, and I believe him to be a first rate attorney with an excellent reputation. '

4. Based on my knowledge and experience, a trial attorney of his experience in Boston would bill from $500 to $650 an hour.

5. I am informed that the rate he is seeking in this litigation is considerably lower, which would in my opinion be fair and reasonable for lawyers of his experience, skill and reputation, and reasonable in relation to hourly rates charged generally in Boston.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 9TH DAY OF AUGUST, 2006.

_Barry C. Klickstein_
Barry C. Klickstein



DM1\676046.1



COMMONWEALTH OF MASSACHUSETTS
APPELLATE DIVISION OF THE DISTRICT COURT DEPARTMENT
NORTHERN DISTRICT

-------------------------------------------

| | |
|---|---|
| MOORE REAL ESTATE TRUST )<br>Plaintiff-Appellee, )<br>)<br>v. )<br>)<br>INDRALAKSHMI DIN-DAYAL )<br>Defendant-Appellant ) | APPELLATE DIVISION<br>CASE NO. 9937M<br><br>TRIAL COURT<br>CAMBRIDGE DIVISION OF<br>THE DISTRICT COURT DEPT.<br>NO. 0452-SU-0672 |

_____ )

## AFFIDAVIT OF JOANNE C. FRAY

I, JOANNE FRAY, swear under the pain and penalty of perjury that the following statements are true, accurate and complete, and known to me personally unless otherwise indicated to be known to me only on information and belief.

1. I am a graduate of Brandeis University (1960) and Northeastern University Law School (1977).

2. I was admitted to the following bars on the dates indicated hereafter:

        (a) Commonwealth of Massachusetts (December 1977);

        (b) U.S. District Court for Massachusetts; (September, 1978)

        (c) First Circuit Court of Appeals (April 1986);

        (d) Supreme Court of the United States (April 5, 1993).

3. I have been actively engaged in the practice of law, since December of 1977. For 13 years before that time I was a teacher of high school English.

EXHIBIT
C

Page 1.

4.      For all the time since I was admitted, I have been maintained my own in general practice firm handing, alone or with associates matters including, among others, litigation in employment discrimination, personal injury, special needs education, domestic relations, will contests, and contract disputes.

5.      I have been involved in civil litigation in the Federal District court, Middlesex and Essex Superior courts, and regarding domestic relations and probate matters in the Probate and Family Courts in Suffolk, Middlesex, Essex, Norfolk, Hampden, Plymouth and Franklin counties as well as disputes before the MCAD and the Social Security Administration

6.      I have been co-counsel with Attorney Mark Stern in matters in the Superior Court and, on one occasion, in Federal District Court.

7.      I have known Attorney Mark D. Stern for many years.  I have worked with him on several cases, all of which were concluded favorably to our clients.

8.      Attorney Stern is a highly capable attorney, knowledgeable in the law and very skilled in dealing with discovery and evidentiary issues.  He is a zealous, creative and thorough advocate with a proven record of success. He has an excellent reputation in the legal community.

9.      In all of my work with Mr. Stern, I have been impressed, also, with his professionalism, high ethical standards and personal integrity.

9.      In my opinion, based upon my familiarity with the legal services market in the Boston area, the hourly rate requested by Mr. Stern is reasonable and his fees of $450.00 are well within the range of hourly rates charged by experienced attorneys.

Page 2.

Signed this 19th day of August, 2006 under the penalties of perjury..

Joanne C. Fray, BBO# 178060
Law Offices of Joanne C. Fray
1620 Massachusetts Avenue
Lexington, MA 02420-3898
(781) 861-7195

# COMMONWEALTH OF MASSACHUSETTS

## APPELLATE DIVISION OF THE DISTRICT COURT DEPARTMENT

### NORTHERN DISTRICT

APPELLATE DIVISION
CASE NO. 9937M

| | | |
|---|---|---|
| MOORE REAL ESTATE TRUST | ) | TRIAL COURT |
| Plaintiff-Appellee, | ) | CAMBRIDGE DIVISION OF |
| | ) | THE DISTRICT COURT DEPT. |
| vs. | ) | |
| | ) | |
| INDRALAKSHMI DIN-DAYAL | ) | NO. 0452-SU-0672 |
| Defendant-Appellant | ) | |

## ~~AFFIDAVIT OF JOHN L. MASON, JR.~~

I swear under the penalty and pain of perjury that the following statements are true and accurate and known to me personally unless otherwise indicated to be known to me on information and belief.

1.  I am a practicing lawyer in Belmont, Massachusetts with the firm of Mason & Goldman. I have been admitted and authorized to practice law in the Commonwealth of Massachusetts since September 11, 1969.

2.  After my admission to the Bar in the Commonwealth of Massachusetts, I was employed by Cambridge and Somerville Legal Services from October 1969 to December 1982. I was a staff attorney, a managing attorney and a senior staff attorney in that office, specializing in private landlord-tenant relationships.

3.  In that capacity I first met Mark D. Stern and had many opportunities to consult with him about client issues and observe him in legal proceedings. As a result of that contact and personal observations, I formed an extremely favorable opinion of Mr. Stern's advocacy skills and dedication to his clients.

**EXHIBIT**

**D**

4.    Commencing in 1994, I began working on a series of cases with Mr. Stern which were particularly difficult and complex. These cases were both in the trial and appellate courts of the Commonwealth.

5.    In one of these cases, we obtained a contempt judgment for approximately 120, mostly elderly clients living in formerly rent controlled housing in Brookline, Massachusetts. These cases required hearings both before the Single Justice and the Supreme Judicial Court. Mr. Stern handled most of the appellate work, and oral argument on each occasion. On each occasion we succeeded in obtaining or preserving the relief sought by our clients, notwithstanding the expiration of the rent control statute.

6.    The Brookline series of cases demonstrated Mr. Stern's willingness to dedicate and in fact to dedicate several hundreds of hours of work to obtain the results for our clients. I found him to be willing to invest such efforts in what was in effect a contingency fee case, and in doing so, found that he made good judgments about the economical use of his time.

7.    More recently an attorney from my office and I referred a case involving several clients to Mr. Stern, and continued thereafter to work with him as co-counsel. Mr. Stern achieved superb results for our clients in an economical fashion, first by presenting the issues effectively, then establishing the key facts through a series of short depositions, and finally by negotiating an arrangement by which our clients obtained all the relief they desired. On information and belief, I am advised the Defendant in that case recently sought out Mr. Stern's services.

8.    As a result of my association with Mr. Stern since 1994, I have formed an even more favorable opinion of Mr. Stern's skills, professionalism and work habits. I observed his preparation for and performance in several lengthy trials and on several appeals. In my opinion, Mr. Stern is organized, diligent, articulate, persuasive, and a zealous and effective advocate. Mr. Stern deserves

compensation at the same rate commensurate as senior and skilled attorneys in the Boston area.

9.    As indicated above, I have been in private practice since 1983, and have several decades of experience in landlord-tenant cases. I am familiar with the challenges involved for a private practitioner representing a tenant of modest means or less in an eviction, retaliation and/or discrimination case. These type of cases are emotionally charged, hard-fought, difficult to settle, and require considerable time and energy which often prevents an attorney from taking on more lucrative matters. The challenges representing tenants on appeal from an unfavorable judgment are also considerable. As a consequence, I rarely if ever represent tenants in eviction matters and would never agree to do so on a contingency basis.

Signed this _4th_ day of August 2006,

John L. Mason, Jr.

## CERTIFICATE OF SERVICE

I, Mark D. Stern, hereby certify under the pains and penalties of perjury that on this day I have caused to be delivered by regular course of mail, postage prepaid, a copy of the foregoing to

Signed,

Mark D. Stern

COMMONWEALTH OF MASSACHUSETTS

APPELLATE DIVISION OF THE DISTRICT COURT DEPARTMENT

NORTHERN DISTRICT

APPELLATE DIVISION
CASE NO. 9937M

MOORE REAL ESTATE TRUST     )
        Plaintiff-Appellee,       )
                            )
vs.                          )
                            )
INDRALAKSHMI DIN-DAYAL     )
        Defendant-Appellant   )

TRIAL COURT
CAMBRIDGE DIVISION OF
THE DISTRICT COURT DEPT.

NO. 0452-SU-0672

## AFFIDAVIT OF ANDREW M. FISCHER

I, Andrew M. Fischer, do hereby affirm and attest as follows:

1. My name is Andrew M. Fischer and I am an attorney practicing law before the state and federal courts in Massachusetts.

2. I have practiced civil rights law for twenty six (26) years, having tried my first case under 42 USC §1983 in 1983 and have prosecuted numerous civil rights cases in Federal Court and have tried perhaps a dozen to jury verdict.

3. I am familiar with billing rates in the Boston, Framingham and eastern Massachusetts area and find that the $450 an hour rate claimed by Attorney Mark Stern is not an unreasonable rate, within the mean for hourly rates charged by attorneys with comparable experience handling civil rights cases in the Federal Court.



EXHIBIT
E

4. I am familiar with Mark Stern, having known him for well over twenty years. He is more experienced than I and I consider him a mentor to whom I can turn with difficult questions. We have co-counseled cases, and I know him to be an experienced and able trial and appellate lawyer.

5. I know that he has experience litigating a number of civil rights in the Federal Court and can attest that his hourly rate of $450 an hour is a reasonable rate for an attorney of his knowledge and experience.

Signed and sworn under the pains and penalties of perjury this _11th_ day of August, 2006

_Andrew M. Fischer_
Andrew M. Fischer



COMMONWEALTH OF MASSACHUSETTS

APPELLATE DIVISION OF THE DISTRICT COURT DEPARTMENT

NORTHERN DISTRICT

APPELLATE DIVISION CASE NO. 9937M

| | | |
|---|---|---|
| MOORE REAL ESTATE TRUST | ) | |
| Plaintiff-Appellee, | ) | TRIAL COURT |
| | ) | CAMBRIDGE DIVISION OF |
| vs. | ) | THE DISTRICT COURT DEPT. |
| | ) | |
| INDRALAKSHMI DIN-DAYAL | ) | NO. 0452-SU-0672 |
| Defendant-Appellant | ) | |

## AFFIDAVIT OF ATTORNEY JUDITH E. SOMBERG

1. I am an attorney admitted to the bar in the Commonwealth of Massachusetts in January 1977. I am a graduate of M.I.T. (B.S. 1973) and Northeastern University School of Law (J.D. 1976).

2. From 1977 until 1994 I was a partner in the firm of Johnson & Somberg (also Johnson, Somberg & Ross) in Boston, Massachusetts. Since 1994 I have been a solo practitioner in Cambridge.

3. My practice has changed over the years. Initially I was very involved in the representation of tenants and tenant unions. I also practiced in the area of personal injury law, social security disability, and workers compensation. I specialized in the representation of lead poisoned children. From time to time I represented individuals in employment and housing discrimination cases. As a solo practitioner I have slowly turned away from litigation and now do family law, wills and estates, and residential real estate.

EXHIBIT
**F**

4.  I continue to receive many inquiries from tenants and although I will give them advice, I have not represented tenants for a number of years.  This was so even during the time that I continued to do other types of litigation.  Landlord tenant cases are extremely time consuming and it is difficult to obtain fair compensation.  There is often extensive discovery.  Even when cases settle, the settlements often do not provide for sufficient funds for payment of the attorney.

5.  For many years I was on a panel of attorneys who received financial support from the Lawyers Committee for Civil Rights for handling housing discrimination cases.  They recognized that attorneys were reluctant to take on representation of victims of housing discrimination, even when statutory attorneys fees could be awarded, as cases often settled short of trial after significant time spent, or even when cases went to trial, adequate attorneys fees were not awarded.

6.  Since 1994 I have collaborated as co-counsel with Mark Stern on several cases, including lead paint poisoning cases and sexual harassment cases.

7.  Working with Mr. Stern I was able to observe his skills and abilities as a litigator.

8.  In my opinion Mr. Stern is an outstanding litigator.  He is knowledgeable, smart, skillful, and hard working.

9.  It is my opinion that Mr. Stern's legal work is comparable or superior to the work of litigators in the large Boston firms that I have come in contact with and deserves like compensation.

10.  It is hard to find excellent, experienced attorneys who will represent tenants in disputes with landlords.  Part of maintaining a client base includes having a network of good attorneys to refer clients to for types of cases that I do not handle.  I am fortunate to be able to refer my clients or others who call with landlord tenant disputes to Mr. Stern.

Signed and sworn to under the pains and penalties of perjury this 14ᵗʰ day of

August, 2006.

Judith E. Somberg
48 Antrim Street
Cambridge, MA 02139
617-497-5364
BBO# 472880

## CERTIFICATE OF SERVICE

I, Mark D. Stern, hereby certify under the pains and penalties of perjury that on this day I have caused to be delivered by regular course of mail, postage prepaid, a copy of the foregoing to

Signed,

Mark D. Stern

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PAUL CUMMINGS,
Plaintiff
v.
STANDARD REGISTER COMPANY,
Defendant

NO. 99-CV-10368 RWZ

AFFIDAVIT OF ATTORNEY BENJAMIN HILLER

Benjamin Hiller, being duly sworn, hereby deposes and says as follows:

1.     I am an attorney admitted to the bar in the Commonwealth of Massachusetts in 1979, and to the bar of this Court in 1980.

2.     I have known and worked with attorney Mark Stern in a professional capacity since prior to my admission to the bar. I first worked with him in 1979 when I was a law student employed by his office. From October, 1980 until April, 1982 I was employed by the firm of Goldstein, Pressman and Stern, in which he was a partner. From April, 1982 until November, 1983 I was a partner of Mr. Stern's in the firm of Goldstein, Pressman, Stern & Hiller. Since November, 1983, I have had continued contact with Mr. Stern as consultants on each other's cases.

3.     I have had the opportunity to work closely with Mr. Stern on a wide variety of civil cases. These have included the areas of labor law, medical malpractice, environmental law, sexual discrimination, lead poisoning, consumer protection, and landlord/tenant. This work has included analysis of issues, case development, discovery, trial preparation, settlement

EXHIBIT
G

negotiations, trial and appeal.

4.      My current practice, with the firm of Moquin & Daley, involves almost exclusively the area of major personal injury cases. In the course of this practice I have had the opportunity to observe and have contact with attorneys from most of the major law firms in the City of Boston.

5.      In my opinion, Mr. Stern is one of the most intelligent, resourceful, hard working, and tenacious attorneys I have ever encountered. He has taken and pursued to extraordinarily successful conclusion not only the run of the mill cases, but the novel and difficult ones. Many of the cases in which he achieved dramatic success, either by way of verdict or settlement, were cases that most other competent attorneys would have been reluctant to take on because of the difficulty of the case, the low probability of success, or the lack of popularity of the client.

6.      In my opinion, Mr. Stern's legal skills and his track record compare favorably with those of top litigators at the many large Boston firms with whom I have considerable contact in my current practice.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____1ˢᵗ_____ DAY OF _____February_____, 2000.



Benjamin Hiller, Esquire

kp41\hiller-aff

**CERTIFICATE OF SERVICE**

I Mark D. Stern swear that on February 14, 2000 I have caused to be sent a true and accurate copy of the above by regular course of mail, postage prepaid, to the following counsel:

Robert D. Rachlin
Downs Rachlin & Martin
199 Main Street
P.O. Box 190
Burlington, VT 05402

Mark D. Stern

2

# DONNA L. CONLEY
## 88 Bowen Avenue
## Medford, MA 02155
## (781) 396-8590

## BAR ADMISSION

Admitted to Massachusetts Bar, 1996 / Admitted to U.S. District Court (D. Massachusetts), 1997

## EDUCATION

**WESTERN NEW ENGLAND COLLEGE SCHOOL OF LAW**
Springfield, MA
J.D., May 1996
Activities:  National Lawyers Guild
              Women's Law Association

**BOSTON UNIVERSITY, College of Communication**
Boston, MA
B.S., Mass Communication and Public Relations, May 1986

## EXPERIENCE

**Mark D. Stern, P.C.**                              March 2000 – February 2004
Somerville, MA

~~Associate~~
Motion practice for plaintiff-side labor and employment/personal injury firm. Assist with litigation and all aspects of trial preparation in busy law practice.  Perform legal research and writing; handle discovery.

**Law Office of Sherwin L. Kantrovitz, PC**          September 1997 –  December 1999
Boston, MA

~~Associate~~
Involved in all aspects of an employment litigation practice. Handled cases in both state and federal court. Employment discrimination, FMLA, FLSA, and ERISA cases.  Heavy client contact. Motion practice. Heavy research and writing.

**Alternative Solutions, Inc.**                       1996 - 1998
Boston, MA

~~Paralegal~~
Assigned to temporary assignments as litigation assistant.  Assisted with pre-trial discovery.

**Massachusetts Commission Against Discrimination**  Spring 1996
Springfield, MA

~~Rule 3.03 Counsel~~
Represented complainants.  Presented sexual harassment case at public hearing.  Conducted direct and cross-examinations of witnesses; defended deposition.

**Local 285, SEIU, Hospitals Division**              Summer 1994
Boston, MA                                           1990 - 1993

~~Chief Steward~~
Coordinated the duties of ten stewards at the Harvard Community Health Plan Chapter. Handled employee grievances.  Prepared cases for arbitration.  Headed union negotiating committee.

## SKILLS

LEXIS, WESTLAW, WordPerfect, MS Word,  proficiency with the Internet, fluent in Spanish and French

## PROFESSIONAL AFFILIATIONS

Massachusetts Bar Association, Labor & Employment Law Section

References available upon request



EXHIBIT

H

# Elizabeth Clemons

1 South Shore Avenue
Boston, MA 01960
(913) 488-5357  liz.clemons@gmail.com

## SKILLS

Proficient in Microsoft Office Applications
Adept with Internet Research and the Use of Online Databases
Experienced in and Comfortable with Public Speaking

## EDUCATION

**2003 – 2006**  **Bachelor of Arts: Joint Honours Degree in Political Science
and History**

McGill University, Montreal, Quebec
- Cumulative GPA: 3.37

**Summer 2004 McGill University Summer in Italy**
Centro Linguistico Italiano Dante Alighieri
- Intensive Beginner's Italian Course
- Cultural Immersion Program

**2001 – 2003**  **International Baccalaureate Diploma
High School Diploma, with High Honors**
Shawnee Mission East High School, Prairie Village, Kansas
- National Merit Commendation

**1999 – 2001**  **Attended The Barstow School of Kansas City, Missouri**
- History Book Award, Outstanding Freshman History
Student
- First Place in Kansas City, Third Place Nationally on
National French Exam

## WORK EXPERIENCE

**2005 Summer; 2000 – 2003 Part-Time (during school year) and Summers
Retail Associate**
The Tennis Set, Prairie Village, Kansas
- Provided Assistance to Customers
- Sorted and Organized Incoming and Outgoing Shipments
- Provided Computer Assistance
- Created Unique Displays



EXHIBIT
I

| Elizabeth Clemons | (514) 577-5677 |
|---|---|

**1998 – 2003   Babysitter (Part-Time and Summer)**

## EXTRACURRICULAR AND VOLUNTEER EXPERIENCE

**2002 -           Member/Trustee, Board of Trustees**
The Cornyn Foundation
- Philanthropic Organization
- Benefits Women, Children, and Elderly Persons in Need of Assistance

**2004 – 2006   Daycare Volunteer**
Students' Society of McGill University Daycare
- Volunteered in Toddler Classroom
- Organized Art Projects and Reading Hours
- Facilitated Creative Play and Learning

**2004 – 2006   Member, International Students' Association of McGill
University**

McGill University
- Volunteered in Association-Sponsored Projects

**2003 – 2006   Member, History Students' Association**
McGill University

**2003 – 2006   Member, Political Science Students' Association**
McGill University

**2003 – 2004   Member of Residence Council**
Royal Victoria College Dormitory
- Helped Organize Various Social Functions

**Fall of 2002   Teacher's Assistant**
Briarwood Elementary School, Prairie Village, Kansas
- Provided Assistance in Grading
- Aided Students with Various Subjects
- Tutored English as a Second Language Students

## AWARDS AND DISTINCTIONS

**2003           International Baccalaureate Diploma**
**2002           National Honor Society Membership (commendation)**

**2002**       **Presidential Classroom Scholar, "Law and Justice in a**
**Democracy"**
**2001**       **First Place in Kansas City, Third Place Nationally on National**
**French**
               **Exam**

Elizabeth Clemons                                    (514) 577-5677

## ACTIVITIES AND INTERESTS

Competitive Tennis Player with USTA Tournament Titles in Singles and Doubles, a Regional Ranking, and Three Varsity Letters.  Named Most Dedicated Player in 1999 and Most Competitive Player in 2000 at The Barstow School.

Aggressive Soccer Player with Two Varsity Letters and Leading Scorer Distinction at The Barstow School.

Movies, Reading, Spectator Sports (raised as a Chicago Cubs fan)


[  References Available on Request  ]



**Rockland Trust**    **PERSONAL MONEY ORDER**    **6192336**

ROCKLAND MA 02370

$$\frac{53\text{-}447}{113}$$

DATE June 4, 2004

TO THE
ORDER OF    CLERK, UNITED STATES DISTRICT COURT

PAY ONE HUNDRED FIFTY AND 00/100    *150.00*

PURCHASER   BOYD M FULTON

**CUSTOMER COPY**



EXHIBIT
4