UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 2004 CV 11234 MEL

)
BOYD FULTON,                    )
         Plaintiff      )
)
VS.                             )
)
TOWN OF HULL,                   )
MASSACHUSETTS                   )
         Defendant      )
)

**DEFENDANT TOWN OF HULL'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ON PORTION OF CASE AND REQUEST FOR ORAL ARGUMENT ON SAME**

Now comes the defendant Town of Hull (Town) and pursuant to the Local Rules herewith provides its opposition to the plaintiff's Motion for Attorney's Fees on Portion of Case and further requests a hearing on same. The plaintiff seeks attorney's fees and costs in the amount of $12,603.36 for having recovered a judgment in the amount of only $1,872.00 in damages. It is even arguable if the plaintiff actually recovered those damages, as the Town had agreed to pay them (see below).

**BACKGROUND**

This is a suit by a former employee of the Town, based on claims of violations of the Fair Labor Standards Act (FLSA) and the comparable Massachusetts wage laws.

The plaintiff made various claims under both the Massachusetts wage law and the FLSA. In summary, these claims included:

    1.    Count I- Failure to pay compensatory time allegedly in violation of the

1

      FLSA;

2.       Count II- Failure to allow compensatory time off, allegedly in violation of the FLSA;

3.       Count III- Failure to pay overtime while allegedly on call, allegedly in violation of the FLSA;

4.       Count IV- Non-Compliance with the Massachusetts Weekly Payment of Wages Act- including failure to pay vacation pay, failure to pay for time allegedly worked on two occasions. [1]

The federal complaint in this court was initially filed pro-se by the plaintiff. Sometime after that, present counsel entered an appearance in the federal case and filed one or more amended complaints.

Around the time of the filing of the complaint, which was filed on June 4, 2004, counsel for the plaintiff did write to the Town Manager in June of 2004 asserted certain claims and requesting certain documents.

After the complaint was filed and counsel entered the litigation, a request was made to the Town for it to accept service of the complaint, which it did.

On or about December 13, 2004, the Town, through the undersigned counsel, wrote to plaintiff's counsel and responded generally to the allegations. Of note, the Town acknowledged as early as this December 13, 2004 letter that by "error and oversight the Town failed to pay your client for the one week's vacation time he had earned by the time of his separation from employment. We regret that error and are willing to rectify same." See Exhibit A, Town's letter of December 13, 2004, attached

---

[1] The plaintiff also mad claims to the state Civil Service Commission, Labor Relations Commission and Massachusetts Commission Against Discrimination, and the federal EEOC. All of these claims have been dismissed against the plaintiff.

hereto and incorporated by reference herein.

As related to the other claims made, the Town responded in Exhibit A that after careful examination of the other claims, it found that there was no basis for same, as the plaintiff had been paid for all time worked and that he did not serve as the on call or call back employee and that he did not earn compensatory time off.

The Town, consistent with its offer to rectify the non-payment of vacation pay, asked in that letter that the plaintiff's counsel contact the Town relative to resolving that issue. In the complaint the plaintiff sought a trebling of the amount of vacation pay.

As part of its answer to the complaint. the Town has also asserted a counterclaim against the plaintiff for equipment that he did not return to the Town when he was terminated.

The parties engaged in a period of voluntary discovery, exchanging such documents that each had that related to the claims. Since the Town as the former employer of the plaintiff had more documents, this generally involved in the Town supplying numerous records to the plaintiff. As there was no dispute by the Town of the plaintiff's entitlement to the vacation pay, these documents dealt almost exclusively with the other claims which remained in dispute.

In the interest of settling the matter entirely, the Town wrote to plaintiff's counsel a detailed settlement proposal on or about March 15, 2005. See Exhibit B, Town's letter of March 15, 2005, attached hereto and incorporated by reference herein.[2]

---

[2] At the hearing on the Plaintiff's Motion for Partial Summary Judgment the issue of introducing this letter, Exhibit B, was raised. Plaintiff's counsel kindly suggested that introducing the letter may be a violation of ethical rules as it related to settlement offers. At that time there was a stipulation (oral) that such a letter was sent, but the actual

In Exhibit B, the Town again acknowledged that the plaintiff was entitled to the vacation pay.  In fact, although not legally required to do so, the Town in that letter offered to treble the vacation pay and pay $1,872.00 to the plaintiff for same.  Various other responses, several involving paying disputed claims, were also made in this letter.  The Town also offered to waive its counter-claim against the plaintiff for the value of Town property he did not return when he was separated from employment.

The plaintiff was requested to contact the Town to discuss this offer.

While there were communications between the Town and the plaintiff, there was no response to this offer to settle the matter.

The plaintiff eventually filed a motion for partial summary judgment, seeking recovery on only two aspects of the case.  One was the already acknowledged vacation pay for which the Town had never disputed owing the plaintiff.  The other aspect related to the plaintiff's claims that he was entitled to call back pay, which the Town strongly disputed.

The Town filed an opposition to the motion for partial summary judgment.

The Town also filed a Rule 68 Offer in the amount of $1,872.00.  That Rule 68 Offer has never been responded to by the plaintiff.

Following the hearing before the Court, the Court issued its decision on the motion for partial summary judgment.

Not surprisingly, given the Town's several prior acknowledgements that the

---

introduction of same was left to the Town, which ultimately did not introduce the letter in relation to that hearing.  Subsequent to that hearing, the Town's counsel has obtained an opinion from the Massachusetts Bar Association's Committee on Professional Ethics indicating no ethical issues involved in the Town introducing this letter.  A verbal opinion along the same lines was received from an attorney at the Board of Bar Overseers.

vacation pay was due, and in fact the Town's acknowledgement of same and the trebling of same in the hearing, the Court quickly found for the plaintiff for the vacation pay in the amount of $1,872.00.

In terms of the other claim for call back pay, the Court recognized that there are valid disputed facts over that claim and denied summary judgment on that claim.

In its Memorandum and Order on the motion for partial summary judgment, as relates to the undisputed vacation pay, the court also ruled that "[R]easonable costs and attorney's fees, *proportional with the amount of judgment*, are GRANTED."  (Emphasis supplied)

Thus, the judgment under the motion for partial summary judgment, on a claim not disputed by the Town, was for $1,872.00.  Plaintiff has submitted a motion for attorney's fees and costs in the amount of $12,603.36, which is approximately 6.7 times the amount of the judgment.

The Town herewith files its opposition to the motion for attorney's fees and costs.

## ISSUE

**WHETHER THE PLAINTIFF IS ENTITLED TO $12,603.36 IN ATTORNEYS FEES AND COSTS FOR A JUDGMENT OF ONLY $1,872.00 ON A CLAIM THAT WAS NEVER DISPUTED BY THE TOWN AND HAD BEEN ACKNOWLEDGED AS VALID SEVERAL TIMES**

## ARUGMENT

**THE PLAINTIFF IS NOT ENTITLED TO $12,603.36 IN ATTORNEYS FEES AND COSTS WHERE THE JUDGMENT WAS ONLY FOR $1,872.00 AND THE ONLY CLAIM ON WHICH THE JUDGMENT WAS GRANTED WAS ACKNOWELDGED BY THE TOWN**

I.     **Attorney's fees are to be reasonable.**

The fundamental principle concerning the award of attorneys fees where the same are permitted to be award by statute is that such fees are to be reasonable.  In this case, the applicable law by which such fees may be awarded, G.L. c. 149, section 148, provides in part that a litigant who prevails is entitled to "reasonable attorney fees".

What is reasonable depends on a variety of circumstances.  The law does not provide that that the attorney is entitled to be paid for all the time he or she may have expended in a matter.  Rather, the fees must be reasonable and that "reasonableness" depends on a variety of factors, often related to the nature of the litigation.

The court recognized this principle in its Memorandum and Order issued on the plaintiff's motion for partial summary judgment.  In that Memorandum and Order, the court ruled that "[*R*]*easonable* costs and attorney's fees, *proportional with the amount of judgment*, are GRANTED."  (Emphasis supplied)

Thus, under the order of this court, the attorneys fees must satisfy two criteria- they must be reasonable and that reasonableness is to be viewed in proportion to the amount of the judgment, which in this instance, was only $1,872.00, on a claim that the Town had previously acknowledged and offered to pay in that amount.

The Town would respectfully argue, and urge the court to so find, that the request from the plaintiff for attorneys fees and costs in the amount of $12,603.36 is neither reasonable nor in proportion to the amount of the judgment.

**II.     Factors suggested by the law support the Town's position that the fee request is not reasonable or in proportion to the judgment.**

In Fontaine v. EBTEC Corp., 415 Mass. 309 (1993), cited by the plaintiff in support

of the fee petition, the law as set forth therein actually supports the Town's position more than the plaintiff's.

There the Supreme Judicial Court discussed various factors that should be taken into consideration in determining "reasonable attorney's fees".

Such factors were noted by the SJC to include:

- how long the trial lasted;
- the difficulty of the legal and factual issues involved;
- the degree of competence demonstrated by the attorney;
- the nature of the case and issues presented;
- the time and labor required;
- the amount of damages involved;
- the result obtained;
- the experience, reputation and ability of the attorney;
- the usual price charged for similar services by other attorneys in the same area;
- the amount of awards in similar cases

415 Mass. 324-325

Federal law is in accord. In the leading case of <u>Farrar v. Hobby</u>, 506 U.S. 103 (1992)[3], the United States Supreme Court discussed how attorneys fees are to be awarded where such an award is, as in the present case, provided for by

---

[3]  Page citations to the <u>Farrar</u> case are approximated, based on the version of the case obtained via the Social Law Library Fastcase research mode, which does not appear to insert actual page breaks as in the original text of the case. Thus, the page references are approximated by adding to the cite, 506 U.S. 103, the number of pages into the decision the referenced text appears.

statute. While the Supreme Court in <u>Farrar</u> was dealing with attorneys fees principles in general, it was also dealing with, as in the present case, a situation where there award of damages was essentially small ("nominal" in <u>Farrar</u>). That compares to the present situation where the award, on a claim that was not disputed and acknowledged, was under $2,000.00, a relatively small amount in federal litigation.

In <u>Farrar</u> the Supreme Court set forth several principles which are directly pertinent to the issues before the court and are consistent with the principles of the <u>Fontaine</u> case cited by the plaintiff.[4]

Among the instructions of the <u>Farrar</u> case are:

1. "The most critical factor in determining a fee award's reasonableness "is the degree of success obtained."" 506 U.S. at 103, 109, citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983).

2. "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees …" 506 U.S. at 109.

3. ""[A] technical victory may be so insignificant … as to be insufficient to support an award of attorney's fees."" 506 U.S. at 110, quoting <u>Hensley</u>, 461 at 792.

4. The Supreme Court held that "when a plaintiff's victory is purely technical or de minimus, a district court need not go through the usual complexities involved in calculating attorney's fees." "[I]t would be wasteful indeed to require that courts laboriously and mechanically go through those steps when the de minimus nature of the victory makes the proper fee immediately obvious." 506 U.S. at 111.

5. The Supreme Court noted the rule that "even the prevailing plaintiff may be denied fees if "special circumstances would render [the] award unjust"". 504 U.S. at 111, quoting <u>Hensley</u>, 461 U.S. at 429.

---

[4] While the cause of action in <u>Farrar</u> was a civil rights claim, the Court's analysis was not limited to such claims, but included other claims as well. The Court discussed such non-civil rights claims as shareholder actions, environmental claims, etc.

      6.      "[C]ourts also must look to other factors.  One is the significance of the legal issue on which the plaintiff claims to have prevailed."  506 U.S. at 112, citing <u>Texas State Teachers Assn. v. Garland Independent School Dist.</u>, 489 U.S. 782, 792 (1989).

See also <u>Wisnewski v. Champion Healthcare Corp.</u>, Civil Action No. A3-96-72 (D. N.D. January 16, 2001) where the calculation of attorneys' fees was described as a two part analysis- "first, determine the claims on which the plaintiff prevailed and, second, on the claims on which plaintiff prevailed, determine what amount of attorneys' fees *is appropriate, taking into consideration, the extent of the plaintiff's success on those claims.*"  P. 4; other internal citations omitted.  (Emphasis supplied)  This comports with the court's order that attorney's fees be proportional to the judgment.

### III.    Applying the law to the facts of this case warrants a major reduction in the attorneys fees sought.

Here, the plaintiff seeks attorney's fees of over 6.7 times the judgment for damages granted by the court.  The basic comparison of the award of $1,872.00 versus the attorneys fees of $12,603.36 being sought by the plaintiff is on its face not proportionate (as requested by this court) and is grossly excessive given the amount of the award and the nature of the award.

Given that the Town acknowledged in its opposition to the motion for partial summary judgment that it owed the vacation pay and even agreed in the opposition to trebling it (thus bringing it to $1,872.00), the plaintiff essentially had no favorable result from its motion.  The Town's position was consistent with its prior acknowledgement of the vacation pay being owed.  The court correctly denied the motion as relates to the call back time issue.

9

Thus, the Town had acknowledged it owed the vacation time, agreed to trebling it and opposed judgment on the call back time. The court essentially found in favor of the Town's position.

The plaintiff did not obtain any recovery which was objected to by the Town. The vacation pay issue was a non-issue as the Town in several instances acknowledged that it was owed to the plaintiff and offered it to the plaintiff, which offer was not accepted by the plaintiff. Plaintiff should not be able to ignore offers to settle claims that are not disputed and then include them in a motion for partial summary judgment and seek grossly disproportionate attorney's fees on what was essentially not a disputed claim.

As noted in Exhibits A and B, the Town had acknowledged the plaintiff's entitlement to the vacation pay. In fact, in Exhibit B the Town offered to treble it, which is what the court ultimately did. Plaintiff never responded to these settlements offers.

In the Town's opposition, the Town again conceded the point on the vacation pay and offered to treble it. There was no dispute on this point. Plaintiff did not prevail as the issue was never disputed.

In hindsight it may have been better for the Town to have paid the vacation pay while the litigation remained unresolved. However, there was a federal law suit pending with multiple claims and the Town made a fair and reasonable proposal to settle the entire case.

It should be obvious that given the fact that the vacation pay issue was not disputed from at least December 13, 2004, there would be no need for any attorney's

fees or costs to be incurred relative to that issue. Since that is the only issue the plaintiff arguably recovered on in his motion for partial summary judgment, the Town could, consistent with case precedent, but does not, argue that no costs or attorneys fees charged from that date should be included in any award of attorneys fees and costs. Simply stated, there was no discovery or further discussions on the vacation pay issue; any discovery or discussion was on the other claims, which the plaintiff was **not** successful on. Thus, under the principles of the cases outlined above, since the plaintiff was not successful on those claims he is not entitled to costs or attorneys fees on same.

The Town recognizes however that plaintiff's counsel is entitled to a fee based on his work which resulted in the Town agreeing to pay the vacation pay. That fee however could not be the $12,603.36 plaintiff seeks.

All the factors noted in the cases above support the court slashing this disproportionate request for attorney's fees and awarding a fair sum in proportion, as the court directed, to the judgment obtained.

Fontaine factors and relation to present case:

| Fontaine Factors | Application to this case |
| --- | --- |
| how long the trial lasted; | No trial; matter was heard on motion for partial summary judgment; other claims in case remain to be heard |
| the difficulty of the legal and factual issues involved; | Given that the Town readily acknowledged that the vacation pay was owed, there were no difficult legal or factual issues |
| the degree of competence demonstrated by the attorney | The Town does not dispute the competence of plaintiff's counsel; the Town does however, in view of the fact that it offered as far back as March of 2005 |

11

|  | the same result the plaintiff obtained respectfully suggest that no special degree of competence was required |
|---|---|
| the nature of the case and issues presented | This case is a garden variety FLSA case, with a state wage claim included; given that the Town readily acknowledged the state claim for vacation pay and offered to treble it, the case presented no unique issues |
| the time and labor required | The award of attorneys fees is to be for the part of the case which resulted in a judgment favorable to the plaintiff; since the Town had already agreed to the vacation pay and trebling it, no time or labor was needed as relates to that claim |
| the amount of damages involved; | $624.00 weekly pay, which the Town agreed could be trebled to $1,872.00, which is what the Court did |
| the result obtained; | Claims for call back time denied under motion for summary judgment as facts in dispute; claim for vacation pay, which was acknowledged by Town, was only result |
| the experience, reputation and ability of the attorney; | Plaintiff's attorney is an experienced, skilled and professional attorney |
| the usual price charged for similar services by other attorneys in the same area; | No information presented as to fees charged for FLSA cases of a similar nature, especially where the Town acknowledged the vacation pay was due |
| the amount of awards in similar cases | No information presented as to amount of award in similar cases |

Farrar factors and relation to the present case:

| Farrar Factors | Application to this case |
|---|---|
| Degree of success | No degree of success as Town had already acknowledged vacation pay due |
| Amount of damages awarded | $1,872.00 based on weekly pay of $624.00 being trebled; Town had offered this |
| Whether a technical victory | Given that the Town offered the same amount there was no real victory |
| Is it wasteful to go through traditional analysis where the victory is technical or | Going through traditional analysis not necessary where the only success was |

12

| | |
|---|---|
| de minimus | one offered by the Town and there were no real legal or factual issues as to plaintiff's entitlement; attorneys fees should be in proportion (as directed by the court) to judgment |
| Any special circumstances to render award of attorneys fees unjust | Fee sought is 6.7 times the amount awarded; Town had on several prior occasions offered to settle this aspect of claim but plaintiff did not respond; amount of judgment pales in comparison to legal fees sought; should be apparent that legal fees in such a large amount must relate more to issues that were in dispute, such as the call back time claim, which the plaintiff was not successful on in his motion |
| Any significant legal issue | No significant legal issue tried or established, as Town had readily conceded vacation pay was due. |

## IV. Interim attorney's fees should not be awarded

While not unheard of, the award of interim attorney's fees when there are still so many claims remaining in the case is, the Town would respectively suggest, the exception and not the norm. Awarding attorney's fees and costs in this piecemeal fashion with the other claims still to be resolved will only cause numerous apportionment issues to need to be addressed if and when the other claims are resolved and if favorable to the plaintiff.

## V. The Town made a Rule 68 Offer of Judgment

The Town filed a Rule 68 Offer of Judgment in the amount of $1872.00, which is the amount the plaintiff has recovered. Thus, any costs or attorneys should be capped as of the filing of the Rule 68 Offer.

**CONCLUSION**

For the reasons argued above and that may be presented at oral argument, the plaintiff's motion for attorneys fees should be denied or in the alternative, granted in a much lesser amount, probably in the range of $2,000.00, which is still more than the amount of judgment.

**REQUEST FOR ORAL ARGUMENT**

The Town further requests that the Court schedule a hearing to hear oral argument on the Motion and Opposition so that the parties may address these issues with the Court, have an opportunity to answer any questions or concerns raised by the Court and to generally be of assistance to the Court in addressing this matter.

October 2, 2006

Respectfully submitted,
Town of Hull,
By its Town Counsel,
S/ *James B. Lampke*
JAMES B. LAMPKE, ESQ.
BBO NO. 284280
TOWN COUNSEL-TOWN OF HULL
115 NORTH STREET
HINGHAM, MA  02043
781-749-9922

Certificate of Service

I, James B. Lampke, Esq., certify that I have this day served a copy of the within document on the plaintiff electronically to his attorney of record, Mark D. Stern, Esq., 34 Liberty Avenue, Somerville, MA 02144.

Date: October 2, 2006

s/*James B. Lampke*
James B. Lampke