**EXHIBIT B**

TVMA/M  f~*rV  IMOC                                                                              MUNICIPAL BUILDING
IUWFM L/UUiMotL                              -                                                    HULL,
MASSACHUSETTS 02045
JAMES B. **LAMPKE.** Esq.                                                                        **EXHIBIT B**

March 15, 2005

Mark D. Stern, Esq. 34
Liberty Avenue
Somerville, MA 02144

**THIS DOCUMENT IS SENT FOR SETTLEMENT PURPOSES ONLY AND DOES NOT CONSTITUTE AN ADMISSION OF LIABILITY OR EVIDENCE THEREOF; ALL CLAIMS REMAIN DISPUTED EXCEPT AS OTHERWISE NOTED. THE INTENT OF THIS LETTER IS TO PROPOSE A SETTLEMENT OF THE WITHIN LITIGATION.**

**RE:   Boyd Fulton v. Town of Hull**

Dear Mr. Stern:

In reference to the above matter, and based on the information available, including that provided by you and subject to the qualifications stated above and as applicable to settlement offers, I am writing to propose what the Town believes to be a fair and reasonable settlement of your client's claims.

I shall address them in the order outlined in your complaint.

I.    Count I- FLSA- Failure to pay compensatory time:
II.   Count II- FLSA- Failure to allow your client to use compensatory time off:

Since these the damages for these two Counts are combined according to your letter, I will address them together.

As I understand the basis of this claim from the information provided and our conversations, you claim that your client is due 162 hours for compensatory time based on his allegation that he worked 4 hours overtime for some 27 Fridays and was not paid for same or credited with compensatory time (4 x 27 = 108 hours =162 compensatory hours). If this were true, you have suggested a figure of damages of $2,500.00 based on the 162 compensatory hours and his rate of pay of $15.60. If this were true, your figures would be correct.

However, after a careful review of this matter, we do not find any evidence that your client worked overtime on Fridays or any other time for which he was not paid. If you have any evidence to the contrary, other than your client's assertion, please advise and we will reconsider. With all due respect to you and your client, it strains credulity to believe that he worked for some 27 days and was not paid or credited for that time.

Mark D. Stern, Esq.
March 15,2005 Page 2


     Since he did not have any compensatory time to his credit, he would not have been entitled, even if we presume he did ask (which is disputed), to have any absences credited to compensatory time. We thus can not offer any money for this claim.

    III.    Count III-FLSA- Failure to pay overtime while allegedly on call:

     As I understand the basis of this claim from the information provided and our conversations, you claim the Town directed your client in a letter dated January 23, 2002 to be available for return to work for snow plowing operations within a certain time period and that due to the alleged shortness of that time period he should be paid for his "on-call" or "wait" time. As I mentioned the other day, the letter in question refers to returning to work in 30 minutes. You have made reference in correspondence to having to return to work within 15 minutes. In fact, the letter in question clearly states 30 minutes. I would further respectfully suggest that such an expectation by the Town presumes that the employee would be reasonably available to do so and if the employee was ill, away or engaged in some other matter which would reasonably preclude him from returning to work in 30 minutes, that he would not be expected to return in 30 minutes and depending on the circumstances, perhaps not return at all.

     You suggest that arguably your client would be, best case possible, entitled to this pay for the entire winter season.

     I would respectfully suggest that even if the 30 minutes is considered a time period an employer is required to pay on call time for (which I do not believe is correct; I believe that the Department of Labor standard is 20 minutes or less under applicable situations), your client would arguably be entitled to such pay for days when it snowed, following the January 23, 2002 letter upon which you base this claim.

     According to our research and a report from a professional meteorologist, following the date of January 23, 2002, there was snow on January 31-1, February 10-11, February 27, March 20, March 25 and April 5-6.

     Your client worked the snow period of January 31 and February 27, so those dates should not be counted. That leaves 4 dates possibly applicable.

     I would point out that the measurements of snow were minimal for the most part, but I would suggest for discussion purposes those were days that your client arguably would have been expected to return if he was called.

     Using an estimate of 8 hours for the 4 days, or 32 hours total, at $15.60/hour your client would have earned almost $500.00   **We would offer you $500.00.**

IV    Count IV- Massachusetts Weekly Payment of Wages Act:

    There are several aspects to this Count.

Mark D. Stern, Esq.
March 15, 2005 Page 3

    a.    Vacation Pay: We agree that vacation pay, by error, was not paid. This pay would be $624.00. With treble damages for it, the sum is $1872.00. **We would offer you $1,872.00 for the vacation pay.**

    b.    No pay for time alleged to have worked on May 25, 2002: As I understand the complaint, you also allege that your client is entitled to 8.75 hours for May 25, 2002, the day he went to the Registry of Motor Vehicles to renew his license. Our records do no show that he worked for the Town at all that day. The mere fact that he chose to take a day off and during that day off go to the RMV and renew his license does not mean that the Town is obligated to pay him for the day or any portion thereof. Even if the Town allowed employees on work time to go renew their license, your client would have been expected at a minimum to have worked the parts of the day he was not at the RVM.  Even though the Town does not compensate employees as if they had worked when they renew their license (or get new eye glasses or any other of a variety of personal matters an employee may attend to on a day they choose to take off), **in the spirit of compromise we would offer you pay for that day, $137.00.**

    c.    No pay for time alleged to have worked on May 29, 2002: As I understand the complaint, you also allege that your client is entitled to 8.75 hours for May 29, 2002, when he claims he worked at the Kenberma Playground.  This assertion seems based on a letter to your client which cited him as having worked in a negligent manner on that day, even though the official Town records show that he did not work that day. Upon checking again, we find no record that he worked on May 29, 2002. It is more likely that the letter citing that day was in error as to the date and that he had worked another day at the Playground in a careless manner and was cited in the letter for that day. **However, in the spirit of compromise we would offer you pay for that day, $137.00.**

In summary of the above, we would offer the following for claimed damages:

| | | |
|---|---|---|
| Count I and II | | 0 |
| Count III | | $ 500.00 |
| Count IV | vacation | 1,872.00 |
| | May 25, 2002 | 137.00 |
| | May 29, 2002 | 137.00 |
| [Sub-total for calculated damages | | 2,646.00] |
| **Total to be offered for damages** | | **3,000.00** |

Mark D. Stern, Esq.
March 15, 2005 Page 4

The Town will also reimburse you for the Court filing fee.

In terms of a legal fee, not knowing how many hours you have expended on this matter, we would offer the sum of **$2,000.00 for legal fees.**

**The total therefore would be $5,000.00 plus reimbursement for filing fees.**

In addition, as part of a settlement the Town would waive any claim for reimbursement for the personal property your client failed to return. The value of this is, for settlement purposes, $530.00.

I realize that your client may have expectations of additional funds. However, based on the information available and the law, I believe that the above offer is very fair and reasonable. While it is true that the law entitles a prevailing party in these claims to multiple damages and attorneys fees, it is still necessary to prove by a preponderance of the evidence your claims.

Other than the mere statements of your client, I do not see much, if anything, in the way of proof. This settlement would resolve these claims and enable all parties, but especially your client, to move forward. Should this case proceed further without sufficient evidence being introduced, your client runs the risk of assessments against him. I only mention that so that it will be clear that there is risk to the plaintiff here more than just not recovering anything at trial.

Please give this matter your serious consideration. I would be willing of course to discuss this further with you should you wish, particularly if you believe that I have misstated or misunderstood any facts upon which the Town bases this offer.

I can be reached **at** 115 **North Street, Hingham, MA 02043, telephone 781-749-9922, fax 781 -749-9923.** Should you wish to discuss this over the week-end, I can be reached at my residential office at 781-925-1587.

Thank you for your courtesy and cooperation in this matter.

OAMESB. LAMPKE
TOWN COUNSEL
truly yours,

JBL/I
d/settlement.prop

cc:   Town Manager
      DPW