UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOYD FULTON,<br>          Plaintiff<br><br>v.<br><br>TOWN OF HULL, MASSACHUSETTS<br>          Defendant | Civil Action No.   04-11234-MEL |

## AFFIDAVIT OF MARK D. STERN

I, Mark D. Stern, hereby swear under the pain and penalty of perjury that the following statements are true, accurate and complete to the best of my personal knowledge.

1. I am counsel for the Plaintiff in this case.

2. In the Defendant's Opposition To Plaintiff's Motion For Attorney's Fees On Portion Of Case, at 10, it is asserted that the Plaintiff **never responded** to the Town's offer of settlement of December 13, 2004.[1]

3. Appended hereto is a copy of a letter from me dated December 16, 2004.  This letter not only responded directly to the Town's settlement offer letter of December 13, 2004, it **specifically responded** to the settlement offer as it concerned question of the vacation pay the Town conceded at that time it owed Mr. Fulton, saying:

---

[1] This statement, on which Defendant's entire argument hinges, was undoubted inadvertently made by its Counsel who is known to Plaintiff's Counsel as a gentleman who would never intentionally misrepresent a fact to the Court.

      You appear to concede that with regards to the claim for unpaid vacation time, Mr. Fulton was entitled to forty (40) hours of earned vacation which the Town failed to pay to him at the time of his termination. My calculation of the vacation pay is as follows: 40 hours x $15.60/hour = $624.00. This amount is subject to mandatory trebling bringing the total owed to $1,872.00.[2] An award of attorneys' fees and costs is also mandated.[3] Fees to date in pursing the federal court case are $4,380.00 exclusive of today. This office would be willing to accept 25% or $1,095.00 plus Mr. Fulton's $150.00 filing fee in settlement of the claim for costs and fees on this portion of this Count of the Complaint. If you agree to forward a check to this office's Client Account in the amount of $3,117.00, we will dismiss that portion of Count IV of the Complaint with prejudice, and with no further costs to either party.

    4.     Mr. Lampke and I also had a telephone communication on or about March 31, 2005, approximately two weeks after his March 15, 2006 letter was sent to me. I believe that during that conversation we discussed a variety of issues, including touching on settlement matters. I also believe at that time my settlement position was essentially the same as it had been on December 16, 2004.

    5.     Had the Defendant agreed to the December 16, 2004 demand at that time, it would not have incurred costs or fees on this account in excess of $1,245, or any interest. Any costs or fees or interest sought at this time are entirely the result of the Defendant's failure or refusal to agree to what I believe was a most reasonable and fair proposal to settle this particular aspect of Plaintiff's claims.

      Signed under the pains and penalties of perjury this 16th day of October 2006

---

[2] At the time in question, this was widely believed to be the applicable law in the Commonwealth, and as the Court knows, is indeed what this Court determined to be appropriate.

[3] This Court also determined this to be appropriate.

2

3

Mark D. Stern

CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that on October 16, 2006, I caused to be delivered by first-class mail, postage prepaid, a copy of the foregoing document to the attorney for the Defendant, listed below:

    James B. Lampke
    Town Counsel-- Town of Hull
    115 North Street
    Hingham, MA 02043

                              Signed,

                              Mark D. Stern