UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BOYD FULTON,
    Plaintiff

v.

TOWN OF HULL, MASSACHUSETTS
    Defendant

Civil Action No. 04-11234-MEL

## AFFIDAVIT OF MARK D. STERN

I, Mark D. Stern, hereby swear under the pain and penalty of perjury that the following statements are true, accurate and complete to the best of my personal knowledge.

1. I am counsel for the Plaintiff in this case.

2. In the Defendant's Opposition To Plaintiff's Motion For Attorney's Fees On Portion Of Case, at 10, it is asserted that the Plaintiff **never responded** to the Town's offer of settlement of December 13, 2004.[1]

3. Appended hereto is a copy of a letter from me dated December 16, 2004. This letter not only responded directly to the Town's settlement offer letter of December 13, 2004, it **specifically responded** to the settlement offer as it concerned question of the vacation pay the Town conceded at that time it owed Mr. Fulton, saying:

---

[1] This statement, on which Defendant's entire argument hinges, was undoubted inadvertently made by its Counsel who is known to Plaintiff's Counsel as a gentleman who would never intentionally misrepresent a fact to the Court.

> You appear to concede that with regards to the claim for unpaid vacation time, Mr. Fulton was entitled to forty (40) hours of earned vacation which the Town failed to pay to him at the time of his termination. My calculation of the vacation pay is as follows: 40 hours x $15.60/hour = $624.00. This amount is subject to mandatory trebling bringing the total owed to $1,872.00.[2] An award of attorneys' fees and costs is also mandated.[3] Fees to date in pursing the federal court case are $4,380.00 exclusive of today. This office would be willing to accept 25% or $1,095.00 plus Mr. Fulton's $150.00 filing fee in settlement of the claim for costs and fees on this portion of this Count of the Complaint. If you agree to forward a check to this office's Client Account in the amount of $3,117.00, we will dismiss that portion of Count IV of the Complaint with prejudice, and with no further costs to either party.

4. Mr. Lampke and I also had a telephone communication on or about March 31, 2005, approximately two weeks after his March 15, 2006 letter was sent to me. I believe that during that conversation we discussed a variety of issues, including touching on settlement matters. I also believe at that time my settlement position was essentially the same as it had been on December 16, 2004.

5. Had the Defendant agreed to the December 16, 2004 demand at that time, it would not have incurred costs or fees on this account in excess of $1,245, or any interest. Any costs or fees or interest sought at this time are entirely the result of the Defendant's failure or refusal to agree to what I believe was a most reasonable and fair proposal to settle this particular aspect of Plaintiff's claims.

---

[2] At the time in question, this was widely believed to be the applicable law in the Commonwealth, and as the Court knows, is indeed what this Court determined to be appropriate.

[3] This Court also determined this to be appropriate.

2

Signed under the pains and penalties of perjury this 16th day of October 2006

Mark D. Stern

### CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that on October 16, 2006, I caused to be delivered by first-class mail, postage prepaid, a copy of the foregoing document to the attorney for the Defendant, listed below:

James B. Lampke
Town Counsel-- Town of Hull
115 North Street
Hingham, MA 02043

Signed,

Mark D. Stern

# MARK D. STERN, P.C.

34 LIBERTY AVENUE • SOMERVILLE, MA 02144 • (617) 776 4020 • FAX: (617) 776 9750 • email: markdsternpc@rcn.com

December 16, 2004

James B. Lampke
115 North Street
Hingham, MA 02043

>   Re: Boyd Fulton v. Town of Hull

Dear Mr. Lampke:

This will serve as a response to several of the issues you raised in your Answer and Counterclaim in the U.S. District Court Case and in your letter to me of December 13, 2004.

### Count IV of Amended Complaint

You appear to concede that with regards to the claim for unpaid vacation time, Mr. Fulton was entitled to forty (40) hours of earned vacation which the Town failed to pay to him at the time of his termination. My calculation of the vacation pay is as follows: 40 hours x $15.60/hour = $624.00. This amount is subject to mandatory trebling[1], bringing the total owed to $1,872.00. An award of attorneys' fees and costs is also mandated. Fees to date in pursuing the federal court case are $4,380.00 exclusive of today. This office would be willing to accept 25%, or $1,095.00 plus Mr. Fulton's $150.00 filing fee in settlement of the claim for costs and fees on this portion of this Count of the Complaint. If you agree to forward a check to this office's Client Account in the amount of $3,117.00, we will dismiss that portion of Count IV of the Complaint with prejudice, and with no further costs to either party.

As to the remainder of that Count, please explain why you contend that the Memorial Day holiday pay was not also a part of Mr. Fulton's legitimate unpaid wage claim. In your Answer, you deny that he is owed 8 3/4 hours pay for the holiday. Please advise with specificity as to why you take this position.

---

[1] See *Newton v. Comm'r of DYS*, 62 Mass.App.Ct. 343, 345, 816 N.E.2d 993 (2004); *Chiappetta v. Lyons*, 1999 Mass. App. Div. 276, 279, 1999 WL 1085273 (plaintiff who prevails in a G.L. c.149, §150 action on a claim for unpaid wages or other benefits withheld by employer in violation of G.L. c. 149, § 148 is entitled as a matter of law to an award of treble damages); *Duct and Vent Cleaning of America v. Van Houten*, 2000 WL 143507 (Mass.Super. Ct).

Counts I and II of Amended Complaint

These claims for compensatory time under the FLSA pertain to Friday afternoon shifts that Mr. Fulton routinely worked throughout his employment. What is your contention as to this matter? Do you deny he worked any or all of those dates?[2] Do you claim that he was paid for all or any of that time? If your answer is in the negative to these two questions, with what part if any of the following analysis do you disagree?

1. Article IX (Hours of Work) of the collective bargaining agreement provides that employees required to work later than noon on Fridays ". . . shall be able to make a written request for an equal amount of time off, at a later date, as compensation for the extra work."

2. He worked for the Town for 27 weeks (November 19, 2001 through May 24, 2002).

3. Mr. Fulton states he always worked until 4:00 p.m. on Fridays.[3]

4. He accrued comp. time in lieu of overtime cash for 4 hours of work every Friday afternoon from noon to 4:00 p.m., and this comp. time was equivalent to 1.5 hours off for each of the overtime hours.[4]

5. Most of this time was spent working in the Town cemetery with the

---

[2] Your own investigation of the allegations may be complicated by the fact that according to Mr. Fulton, a Highway Dept. employee named "Patricia Petrilli" had a personal grievance against him on account of which she deliberately failed to keep a record of his comp. time as it was accruing.

[3] It is the employer's burden to keep accurate time records. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (1946) (if there are no records of the hours that an employee has worked or if the employer's records are inaccurate or inadequate, it is not up to the employee to offer proof of the exact hours that he worked; *holding* that an employee's only burden is to show evidence that he has performed work for which he was improperly compensated and to present enough facts from which a reasonable inference can be made as to the amount of hours worked.). If this case proceeds in federal court, my client need only state in general his weekly work schedule and it is up to the Town to rebut his testimony. In the spirit of resolving this case, please provide me with records documenting what if any Fridays you show he worked and what if any payment was made for any of his Friday afternoon work or what if any comp. time was taken by him.

[4] Under Count I his claim is for $2,527.20 worth of paid time off, doubled. This amount includes the lesser amount claimed in Count II.

        Highway Department's knowledge and approval.

6. When Mr. Fulton had reached the six-month anniversary of his hire date with the Town, he elected to take one week of vacation and one week of time off pursuant to Article IX. He notified his supervisors of the request for time off in advance.

7. The Town was required to compensate Mr. Fulton for the extra Friday work hours that were banked until he could be given time off in lieu of overtime pay.

8. Notwithstanding the provisions of the collective bargaining agreement, the unpaid "comp. time" can also be considered a type of wages earned to which Mr. Fulton was entitled to the full use and benefit thereof pursuant to 29 U.S.C. § 207(o)(5)(B)[5].

9. On the date that Mr. Fulton was terminated, this money became due pursuant to 29 U.S.C. § 207(o)(4)(B). which provides that: "An employee who has accrued compensatory time off authorized to be provided . . . shall, upon termination of employment, be paid for the unused compensatory time at a rate of compensation not less than . . . the final regular rate received by such employee. . .".

## Count III of Amended Complaint

Assuming I agree with your statement that Mr. Fulton did not serve as the on call person or the call back person during his employment, even absent the title of call back person, please advise me as to which if any of these facts you agree or disagree.

1. Mr. Fulton was given a pager and told to be available for after-hours work.

2. He was also given a written warning for failing to make himself available on multiple evenings in January 2002 for snow removal.

3. He may not have been eligible under the terms of the collective bargaining agreement to be the call man because he lacked seniority.

4. Nonetheless, he was the only person qualified to operate the sanding

---

[5] See *Christensen v. Harris County*, 529 U.S. 576 (2000); *Newton v. Comm'r of DYS*, supra.

equipment.

If you agree with the above facts, would he not have been, during snowstorms, effectively "on call?" If so, and if client would be willing to compromise this claim, would your client be willing to do so?

Finally, I would like to file a Second Amended Complaint to correct several typographical errors in the Amended Complaint:

1. Paragraph 16, change "June 3, 2002" to "May 27, 2002."
2. Paragraph 19a, change "$51.60" to "$15.60."
3. Paragraph 23 change "229" to "22."
4. Paragraph 28 eliminate the second Plaintiff in "Plaintiff Plaintiff."
5. Paragraph 33 add the word "hours" after "31.25."
6. Paragraph 44 change "33" to "43."
7. Prayer 1, add "& III."
8. Prayer 2, change "III" to "IV."

Let me know if you assent to same. I will also prepare an Answer to the Counterclaim. If I need additional time to do so, would you assent to an extension? If not, I will simply plead a denial.

Cordially,

Mark D. Stern

cc:   Boyd Fulton