UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BOYD FULTON,
      Plaintiff

v.

TOWN OF HULL, MASSACHUSETTS,
      Defendant

Civil Action No.2004 CV 11234
MEL

**PLAINTIFF'S MOTION FOR RECONSIDERATION OR ALTERNATIVELY
MOTION FOR LEAVE FOR HIS COUNSEL TO WITHDRAW
HIS GENERAL APPEARANCE ON BEHALF OF PLAINTIFF**

Counsel for the Plaintiff Boyd Fulton moves this Honorable Court in the alternative:

A.     To reconsider its decision to allow an award of attorney's fees no greater than one "proportional with the amount of [the] judgment;" or

B.     To grant his Counsel leave to withdraw his general appearance on behalf of the Plaintiff and maintain only a limited appearance, or alternatively no appearance in this proceeding and maintain only an attorney's lien.

In support of these alternative requests he respectively says the following.

**A.     REQUEST FOR RECONSIDERATION**

The Plaintiff has been engaged in negotiations with the Town for the purpose of attempting to resolve this case by settlement rather than going through a two-day trial in regard to the relatively small sums in dispute. The Plaintiff and the Town have agreed upon a dollar amount of damages for the Plaintiff to receive for the remaining claims. However, those negotiations have been unsuccessful because the Town is taking advantage of the aforementioned ruling of this Court to refuse to include any compensation at all in the settlement package to his Counsel for the work he has done on all of

his claims other than the one involving his unpaid vacation pay and further, if settled for the amount

on which both parties agree, to bar his Counsel from seeking any compensation at all from the Court

on that account.  The actions of the Town in this regard are in bad faith.  The ruling of the Court,

while undoubtedly striving for balance, opened the door to the Town's bad faith tactics.  This is one

of the results that the state's wage and hour law's fee provision was intended to prevent.  Plaintiff

submits that the Court's ruling is contrary to the state statute and to its intent, and he therefore

respectfully requests the Court to reconsider its ruling.

**B.     REQUEST TO ALLOW HIS COUNSEL TO WITHDRAW**

Alternatively, Plaintiff and his Counsel request that his Counsel be permitted to withdraw his

appearance for the Plaintiff as to the remaining claims to be tried before the Court.  Plaintiff's Counsel

is, by the aforementioned ruling of the Court, in the untenable position of likely causing his Client

greater financial harm by his continued representation of his Client in this proceeding than would

befall his Client if he withdrew his appearance.  Plaintiff himself is in an equally untenable position:

he will be better off financially even if he incompetently represents himself at his trial and loses on all

of his remaining claims than he will be if Counsel competently represents him at his trial, and wholly

or partially succeeds in establishing his entitlement to relief on some or all of his remaining claims.

This is because:

1.      Plaintiff filed this action pro se in this Court.[1]

2.      Plaintiff engaged Counsel to pursue his claims under a fee agreement whereby Counsel

        charges his Client for his services.

---

[1] Had present Counsel represented him at that time he would have filed this action in the
state district court, however, at the time he was engaged, he could not alter the past.

3.      Plaintiff and Counsel entered into said agreement in reliance on Massachusetts wage and hour laws which were intended to ensure that a worker could pursue such claims, even for relatively small sums of money, without his/her lawyer's fee exceeding his/her recovery and thereby resulting in his/her actually losing money by vindicating his/her rights.

4.      Counsel successfully pursued through summary judgment Plaintiff's entitlement to unpaid vacation pay and further established that, if the Town's written words mean what they actually say, Plaintiff will also be entitled to some "on call" pay.[2]  Through no fault whatsoever of the Plaintiff or his Counsel, but rather entirely on account of the Town's stubborn refusal or incompetent failure to pay said vacation pay to the Plaintiff even after it acknowledged it was due to him, Counsel had to provide service to the Plaintiff far in excess of the amount due to him, indeed far in excess of the amount recovered which was trebled.

5.      Plaintiff applied to this Court for an award of fees to compensate him for the services rendered and in particular to ensure that he recovered an amount of vacation pay in excess of what he owes his attorney for establishing his right to the same.

6.      While the Court has taken that motion under advisement and apparently deferred definitely determining said motion in advance of the trial of the other claims, the Court has expressly ruled in its Opinion that it will allow only a fee "proportional with the amount of [the] judgment" recovered by the Plaintiff, and at hearing of Plaintiff's Motion for an Award of Attorney's Fees clarified that under said ruling it will not allow only a fee in an amount that would be necessary for the Plaintiff to actually recover and retain the unpaid vacation pay (that is, his recovery and the fees awarded together will be less than the minimum fee he owes

---

[2] The Town defeated summary judgment on this claim by submitting an affidavit to the effect that its written words meant something different from what they apparently say, and thereby creating a dispute of fact as to the Town's actual policy.

to his Counsel).

7.   Hence, in vindicating his rights to this point in time the Plaintiff has suffered a far greater loss than he would have had he simply allowed the Town to get away with its unlawful retention of his vacation pay.

8.   Since the total recovery possible or likely under Plaintiff's other claims is also relatively small and given the settlement position of the Town, a trial is required to establish Plaintiff's entitlement, if any, to damages on said account; before that, a detailed pretrial memorandum must be prepared and filed with the Court. The cost of professional services required to accomplish these tasks will far exceed any amount the Plaintiff could recover at trial.

9.   For this reason, notwithstanding established state law to the contrary, unless he successfully appeals the determinations of this Court in regard to his entitlement to a reasonable fee award to the First Circuit Court of Appeals, the Plaintiff will be better off financially if he incompetently tries his own case and loses on all his claims than he would by being competently represented by Counsel and prevailing on some or all of the remaining claims.

10.  This circumstance is untenable for the Plaintiff and his Counsel, and will only serve to propel them into litigation against each other.  The Court should not require them to remain in such a position.

PLAINTIFF,
By his Attorney,
*s/Mark D. Stern*
Mark D. Stern, BBO #479500
Mark D. Stern, P.C.
34 Liberty Avenue
Somerville, MA 02144
Tel. (617) 776-4020
Fax  (617) 776-9250
email:markdsternpc@rcn.com

March 1, 2007