# Mark D. Stern, P.C.

34 LIBERTY AVENUE • SOMERVILLE, MA 02144 • (617) 776 4020 • FAX: (617) 776 9250 • email: markdsternpc@rcn.com

May 31, 2007

Civil Clerk George Howarth
United States District Court
   for the District of Massachusetts
John Joseph Moakley Courthouse
1 Courthouse Way, Room 1300
Boston, MA 02210

     Re: Fulton v. Town of Hull
        Docket No. 2004 CV 11234 MEL

Dear Mr. Howarth:

Enclosed are two documents I was unable to convert to an acceptable .pdf format:

    1)    The letter to Mr. Lampke, Exhibit A to Plaintiff's Memorandum; and

    2)    The resume of Mr. Fugitt; Exhibit A to the Affidavit of Mark D. Stern.

I apologize for this inconvenience.

                                      Cordially,

                                      Mark D. Stern

**EXHIBIT A**

# MARK D. STERN, P.C.

34 LIBERTY AVENUE • SOMERVILLE, MA 02144 • (617) 776 4020 • FAX: (617) 776 9250 • email: markdsternpc@rcn.com

October 4, 2004

James B. Lampke
253 Atlantic Avenue
Hull, MA 02045

    Re: Boyd Fulton v. Town of Hull

Dear Mr. Lampke:

    I enclose a copy of the Amended Complaint of Boyd Fulton, my Appearance, a copy of a summons, and a Notice of Lawsuit and Request For Waiver of Service of Summons. Thank you for agreeing to accept service on behalf of the Town. Please sign the Waiver and return to me within 20 days of your receipt of the Amended Complaint.

    The thrust of Mr. Fulton's Amended Complaint, which was originally filed as a *pro se* action, is that the Town violated the Fair Labor Standards Act ("FLSA") and the Massachusetts Weekly Payment of Wages Act, G.L. c. 149, §148 when it terminated him without paying him for the value of his accrued compensatory time, for his 40 hours of earned vacation time and for the Memorial Day Holiday. There is also a count for violation of the FLSA for not paying overtime for Mr. Fulton's on-call time during the winter months.

    Mr. Fulton's regular workweek ended at 1:00 p.m. on Fridays, but he regularly worked until 5:00 p.m. on projects for the Town, such a clearing leaves from sewer drains or working in the cemetery with heavy equipment. Though he was paid overtime for other assignments, he was not permitted to use the accumulated extra Friday work hours as scheduled time off (1 ½ hours for each hour over 40 or approx. 6 hours every week) during the approximately 27 weeks that he performed such Friday overtime. The Town fired Mr. Fulton when he tried to schedule comp time off to be used during the last week of May 2002. At the time of the firing, in violation of the FLSA, the Town did not compensate Mr. Fulton for the earned vacation time, the holiday, and the extra Friday hours he had been accruing each week.

    By my calculations, on the Massachusetts Unpaid Wage/Unpaid Earned Vacation Time claim, Mr. Fulton is owed $760.50, subject to mandatory treble damages ($2,281.50) and attorneys' fees; on the FLSA claim, my client is owed $2,527.20 (6 hours comp time per week x regular rate of $15.60 per hour x 27 weeks from November

19, 2001 through May 24, 2002 = $2,527.20). The FLSA claim is subject to double or liquidated damages and the Court must award attorneys' fees by statute.

Mr. Fulton also has a viable claim for overtime wages never paid to him for time spent waiting to be engaged by the Town for snow removal and/or sanding of the roadways during winter storms. It is impossible at this point to calculate with any certainty the hours Mr. Fulton spent confined to his home or carrying a pager, waiting to see if he would be called into work, but it is estimated to be between 50-100 hours for the 17 weeks of the snow season (December 1, 2001 through March 31, 2001).

Once we can come to an agreement about the hours Mr. Fulton spent "on-call," I will make a more definite demand for those wages at the overtime rate.

Please let me know when I can expect to hear from you regarding Mr. Fulton's claims.

Cordially,

Mark D. Stern

Enclosure
cc: Boyd Fulton