UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOYD FULTON,<br>    Plaintiff<br><br>v.<br><br>TOWN OF HULL, MASSACHUSETTS,<br>    Defendant | Civil Action No.2004 CV 11234<br>MEL |

**PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR**
**MODIFICATION OF JUDGMENT OR ORDER**

Counsel for the Plaintiff Boyd Fulton respectfully moves this Honorable Court in the alternative for modification of its Order and/or Judgment awarding the Plaintiff less than twenty-three percent of the fees requested. In support thereof the Plaintiff says the following:

1. The Court properly considered the simplicity of the case, and the possibility of settlement at the beginning stages; however, the Court gave far too much weight to these factors than is permitted under the applicable statute as it has been most recently interpreted by the Appeals Court of the Commonwealth. *Killeen Vs. Westban Hotel Venture, LP.*, Appeals Court of the Commonwealth of Massachusetts, No. 05-P-1553 (August 21, 2007), appended hereto. Furthermore in considering these two factors, the Court ignored two important facts:

    A. Even the most generous offer of settlement was for an amount ($5,000) less than one third of what was actually recovered (approximately $13,500 including fees, interest and damages) even if this Court were not to modify its order regarding attorney's fees; and

    B. Only one claim constituting only a portion of one count of the complaint was simple; the others were not.

2.  The Court relied on the arguments of law made by the Defendant, as noted in its decision ("for the reasons substantially enumerated in defendant's brief.") Defendant relied chiefly on the case of *Farrar v. Hobby*, 506 U.S. 103 (1992). As determined yesterday by the Appeals Court in *Killen*, supra, that precedent is not applicable to Plaintiff's claims under state law, on which claims he substantially prevailed.

For these reasons Plaintiff respectfully requests that the Court either modify its order and award Plaintiff a greater share of his requested fees than twenty two percent (22%), or specify for the record at what "reasonable hourly rate" it awarded Plaintiff fees and/or what approximately seventy eight percent (78%) of the services rendered the Court determined were not reasonably expended.

|  |  |
|---|---|
|  | PLAINTIFF,<br>By his Attorney,<br>*s/Mark D. Stern*<br>Mark D. Stern, BBO #479500<br>Mark D. Stern, P.C.<br>34 Liberty Avenue<br>Somerville, MA 02144<br>Tel. (617) 776-4020<br>Fax  (617) 776-9250 |
| August 22, 2007 | email:markdsternpc@rcn.com |