UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 2004 CV 11234 MEL

|  |  |
|---|---|
| BOYD FULTON,<br>             Plaintiff<br><br>VS.<br><br>TOWN OF HULL,<br>MASSACHUSETTS<br>             Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT TOWN OF HULL'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR MODIFICATION OF JUDGMENT OR ORDER AND REQUEST FOR ORAL ARGUMENT ON SAME**

Now comes the defendant Town of Hull (Town) and pursuant to the Local Rules herewith provides its opposition to the plaintiff's Motion for Reconsideration And/Or Modification Of Judgment Or Order and further requests a hearing on same.

Plaintiff appears to base his motion on the recent Massachusetts Appeals Court case of <u>Killeen v. Westban Hotel Venture, LP</u>, Massachusetts Appeals Court No. 05-P-1553 (issued August 21, 2007).  As argued in this Opposition and as may be argued at a hearing, the Town opposes the Motion and urges this Court to deny same.

The underlying order the plaintiff seeks to change was for an award of attorney's fees in the amount of $9,500.00 in a case where the award of damages to the plaintiff (by a judgment which was not objected to by the Town and by an agreement for judgment) was only some $2,800.00.  Plaintiff had originally sought some $42,000.00 in attorney's fees, which this Court rightly rejected.

1

1.      It is questionable as to whether the motion is timely or procedurally appropriate. Following the issuance of the judgment which was jointly requested by the parties, no appeal was filed relative to same and the Court has terminated the case.  See docket of case and action taken by the Court on August 20, 2007.  The case is closed.  There is no case to which to file such a motion.

2.      In any event, the plaintiff grossly misstates the <u>Killeen</u> and its import.

Contrary to the plaintiff's reading, a fairer and more accurate reading of the <u>Killeen</u> case does not support the plaintiff's argument that the Appeals Court has held that <u>Farrar v. Hobby</u>, 506 U.S. 103 (1992) is not applicable precedent to this type of case.  The Appeals Court only noted as relates to this issue of applicability that <u>Farrar</u> dealt with a permissive attorney's fee statute while the state claims in wage cases is mandatory.   The Court still cited <u>Farrar</u> for its legal principles as relates to attorney's fees calculations.

Of significance, even though noting the award of some attorney's fees is mandatory, the Appeals Court in <u>Killeen</u> nonetheless noted that the fees still had to be "reasonable" (<u>Killeen</u>, at p. 4 of slip opinion) and then went on to address what fees would be "reasonable" under applicable state and federal principles.

This Court, in acting on the plaintiff's prior motion for attorney's fees followed those same state and federal principles.  Although the Town might feel a lesser award more appropriate, there was no appealable or reversible error by this Court in its award of $9,500.00 in attorney's fees in this case.  The Town would further refer the Court and incorporate by reference its arguments as set forth in its Opposition.

The Town did not rely "chiefly" on Farrar, as claimed by the plaintiff. While Farrar was cited, as it was and still is pertinent and applicable, numerous other cases were also relied on by the Town in its argument. Many of those cases were similarly relied on by the Appeals Court in Killeen.

Interestingly, in Killeen the Appeals Court reversed and remanded a judgment which included an award of attorneys fees for some $153,717.00 where the amount recovered for the plaintiff (after trebling) was only *$3.78* ( I repeat the figure to show it was not misstated- $3.78).

The Appeals Court analysis of what was an appropriate attorneys fee essentially comports with what this Court did in the present case. Killeen cited, among other cases, Fontaine v. Ebtec, 416 Mass. 309 (1993) and Hensley v. Eckerhart, 461 U.S. 424 (1983). Those cases were relied on by the Town in its Opposition, which Opposition this Court cited as its reasons in making the award it did. This Court did not give, as now claimed by the plaintiff, undue weight to the simplicity of the case and settlement opportunities. Those factors were and remain even under Killeen proper factors to consider.

The factors discussed in Fontaine are very similar to the factors cited in Farrar. Thus, any reliance by this Court on Farrar was appropriate and not inconsistent with applicable law.

Plaintiff's attorney suggests, perhaps as more pertinent in other wage cases he might be or become involved in, that he wants this Court to state what hourly fee was used. Although not conceding that the plaintiff's counsel was entitled to his claimed

hourly fee of $450.00, basic math would suggest that it could be argued that was the rate essentially considered by this Court. This Court awarded $9,500.00 for attorney's fees and costs. That rate divided into the $9,500.00 equals around 21 hours, which given what this Court considered as to the merits, difficulty, recovery, reasonable time necessary, settlement offers, etc. (and other factors set forth in applicable law) approximates a reasonable amount of hours.

## CONCLUSION

For the reasons argued above, in the Town's prior memorandum in opposition to the plaintiff's motion for attorney's fees and that may be presented at oral argument, the plaintiff's motion for reconsideration of the judgment or order of the Court should be denied. If any adjustment is to be made, it should be to reduce the award, or to award the Town reasonable attorney's fees for having to respond to this present motion.

## REQUEST FOR ORAL ARGUMENT

The Town further requests that the Court schedule a hearing to hear oral argument on the Motion and Opposition so that the parties may address these issues with the Court, have an opportunity to answer any questions or concerns raised by the Court and to generally be of assistance to the Court in addressing this matter.

August 31, 2007

Respectfully submitted,
Town of Hull,
By its Town Counsel,
S/ **James B. Lampke**
JAMES B. LAMPKE, ESQ.
BBO NO. 284280
TOWN COUNSEL-TOWN OF HULL
115 NORTH STREET
HINGHAM, MA  02043
781-749-9922

Certificate of Service

    I, James B. Lampke, Esq., certify that I have this day served a copy of the within document on the plaintiff electronically to his attorney of record, Mark D. Stern, Esq., 34 Liberty Avenue, Somerville, MA 02144.

Date: August 31, 2007　　　　　　　　　　　　　　s/*James B. Lampke*
　　　　　　　　　　　　　　　　　　　　　　　　James B. Lampke